**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend Loree McCormick-Rice,

      Plaintiffs,

v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC. d/b/a KING SOOPERS, INC., a Kansas corporation, and
EARNEST SANDS,

      Defendants.

_____

**COMPLAINT**
_____

      Plaintiffs Loree McCormick-Rice and Cassidy Rice, by and through their attorneys,

David A. Lane and Marcel Krzystek of KILLMER, LANE & NEWMAN, LLP, respectfully allege for

their Complaint as follows:

**INTRODUCTION**

      1.    This is an action for damages against Aurora police officer Charles Deshazer,

King Soopers security guard Earnest Sands, and King Soopers for an assault committed against

Plaintiff on June 17, 2006.  Plaintiffs allege that Defendant Deshazer violated their First and

Fourth Amendment rights when, knowingly and with deliberate indifference to their

constitutional rights, unlawfully seized and applied grossly excessive force against them, at least

in part as retaliation for Plaintiffs' exercise of their First Amendment rights.  Security guard

Sands, an agent of King Soopers, participated in the unlawful seizures and pushed and kicked

Plaintiff Cassidy Rice, who was only twelve years old at the time.  Defendant Deshazer's conduct under color of state law proximately caused the deprivation of Plaintiffs' federally protected rights.  Defendant Sands' conduct occurred during the course and scope of his employment as a security guard for King Soopers.  Defendants' conduct, done willfully and wantonly, gives rise to Plaintiffs' constitutional and supplemental and pendant state claims.

## JURISDICTION & VENUE

2.    This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.  Jurisdiction supporting Plaintiffs' claims for attorney fees is conferred by 42 U.S.C. § 1988.  Jurisdiction for Plaintiffs' supplemental state law claims is conferred by 28 U.S.C. § 1367.

3.    Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).  All of the events alleged herein occurred within the state of Colorado, and all of the parties are residents of the state.

## PARTIES

4.    At all pertinent times mentioned herein, Plaintiff Loree McCormick-Rice was a citizen of the United States of America and a resident of Aurora, Colorado.

5.    At all pertinent times mentioned herein, Plaintiff Cassidy Rice was a citizen of the United States and a resident of Aurora, Colorado.  Cassidy Rice is the daughter of Plaintiff Loree McCormick-Rice.

6.    At all pertinent times mentioned herein, Defendant Deshazer was employed as a law enforcement officer for the city of Aurora and was acting under color and authority of state law,

and in his official capacity as an Aurora police officer.

7.    At all pertinent times mentioned herein, Defendant Sands was employed by King
Soopers as a security guard.

8.    At all pertinent times mentioned herein, Defendant Dillon Companies, Inc., d/b/a
King Soopers, was a Kansas corporation doing business in the state of Colorado.

## FACTUAL BACKGROUND

9.    On June 17, 2006, Plaintiff Loree McCormick-Rice, a fifty-one-year-old African-
American woman, was loading groceries into her vehicle at King Soopers in Aurora.  With her
was her daughter and Plaintiff Cassidy Rice, who was twelve-years-old at that time.

10.    McCormick-Rice was lawfully parked in a handicapped zone as she has a hang-tag
based upon her severe disability (asthma) which requires that she frequently be on oxygen.

11.    At that time, Aurora police officer Deshazer was apparently working in the parking
lot.  Deshazer approached the McCormick-Rice's vehicle and gruffly questioned her about the
location of her handicapped parking permit.

12.    McCormick-Rice responded that the permit was hanging off of the mirror, where it
should be.   After Deshazer looked again and saw the permit, he moved down the row to the next
car.

13.    At that time, a white woman was loading her groceries and was parked unlawfully
in a handicapped spot.  Deshazer not only did not ticket her, he never looked for her non-existent
hang tag.  As he continued on his way, the unidentified white woman commented to McCormick-
Rice that it was "amazing" that McCormick-Rice got hassled about her hang tag, while she, as a
white woman, was ignored although parked illegally.  McCormick-Rice responded to the effect

that some things will never change.  At that point, Deshazer muttered in a voice loud enough for McCormick-Rice, her daughter Cassidy, and the white woman to hear the epithet "fucking niggers."

14.    McCormick-Rice and Cassidy obtained the phone number for the white woman, and went into King Soopers to protest the fact that King Soopers had a guard on their payroll who had just called them "fucking niggers."  Being quite upset, McCormick-Rice and Cassidy spoke to management at King Soopers.  However, it became evident that they would not get any relief and they left the store.

15.    As Plaintiffs exited the King Soopers and began to drive away, Deshazer was in his vehicle and cursed at them.  In response, McCormick-Rice cursed back, and Deshazer followed them in his vehicle.

16.    When McCormick-Rice and her daughter reached the far, dark end of the parking lot, Deshazer activated his overhead lights in an effort to pull them over.  McCormick-Rice, realizing that it was Deshazer, told him that she was not about to stop in such an isolated spot and would pull over back in the front of the well-lit King Soopers.  McCormick-Rice began to turn around when Deshazer cut her off.

17.    At that point, Cassidy jumped out of the car to run for help.  Deshazer got out of his car and yelled at the young girl to get back in the car.

18.    Deshazer ran to Cassidy and jerked her arm so hard that he broke her collar bone. Deshazer then began to choke Cassidy, while McCormick-Rice screamed for help.  At some point several other officers appeared on the scene, as did Defendant Sands.

19.    Deshazer and the officers continued to manhandle both McCormick-Rice and

4

Cassidy.  Defendant Sands also kicked Cassidy.  Ultimately, Cassidy was taken into custody and McCormick-Rice was released from the scene.

20.     Both McCormick-Rice and Cassidy were charged with resisting arrest and failing to obey an order.  Both entered pleas on not guilty.

21.     Cassidy, upon her release from custody, was taken to Children's Hospital, where she learned that she had suffered a fractured shoulder as a result of Defendants' conduct.

22.     All charges against Loree McCormick-Rice and Cassidy were dismissed upon motion of the Aurora City Attorney on November 27, 2006.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 1983 Fourth Amendment Violation – Excessive Force)
### (Against Defendants Deshazer and Sands)

23.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if those allegations were set out explicitly herein.

24.     At all times relevant to the allegations in this complaint, Defendant Deshazer acted under color of state law.

25.     At all times relevant to the allegations in this complaint, Defendant Sands engaged in state action by acting in concert with one or more state actors.  *Dennis v. Sparks*, 449 U.S. 24 (1980).  Defendant Sands acted as a willful participant in joint action with the municipality and one or more of its agents.

26.     Defendants are persons under 42 U.S.C. § 1983.

27.     Plaintiffs had a constitutionally protected right to be secure in their persons against unreasonable seizures of the person.

28.     Defendants unlawfully seized the Plaintiffs by means of excessive physical force and thereby unreasonably restrained them of their freedom.

29.     Defendants' actions, as described above, were objectively unreasonable in light of the facts and circumstances confronting them.

30.     Defendants' actions, as described above, were motivated by an intent to harm Plaintiffs.

31.     As a direct result of Defendants' unlawful actions as described above, Plaintiffs suffered actual physical and emotional injuries in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Fourth Amendment Violation – Unlawful Seizure)**
**(Against Defendants Deshazer and Sands)**

32.     Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

33.     The actions of Defendants as described herein, while acting under color of state law, intentionally deprived Plaintiff of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including his right to freedom from unlawful seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America and 42 U.S.C. §1983 in that Plaintiffs were unlawfully physically seized by the Defendants without probable cause to believe they had committed any offense.

34.     Defendants intentionally, knowingly, recklessly, and excessively subdued, restrained, detained and falsely arrested Plaintiffs without any reasonable suspicion or probable cause.  35.     Defendants' conduct proximately caused significant injuries, damages, and economic losses to Plaintiffs.

6

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. § 1983 First Amendment Violation – Retaliation For Free Speech)
### (Against Defendant Deshazer)

36.     Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

37.     Defendant Deshazer attacked Plaintiffs when they verbally protested the abusive racial epithet uttered at them by Defendant Deshazer.

38.     Based upon the fact that they protested this mistreatment verbally, Plaintiffs were retaliated against by the Defendant, who physically seized them by employing grossly excessive force, breaking Cassidy's shoulder, without probable cause or reasonable suspicion.

39.     Plaintiff's speech was related to matters of public concern.

40.     Defendant's acts of physically attacking and falsely arresting Plaintiffs were motivated by Plaintiffs' exercise of constitutionally protected conduct.

41.     Defendant's adverse actions caused Plaintiffs to suffer injuries that would chill a person of ordinary firmness from continuing to engage in such constitutionally protected activity.

42.     Defendant's conduct violated clearly established rights belonging to Plaintiffs of which reasonable persons in Defendants' position knew or should have known.

43.     Defendant's acts were done under color of state law.

44.     Defendants engaged in the conduct described by this Complaint intentionally, knowingly, willfully, maliciously, and in reckless disregard of Plaintiffs' federally protected constitutional rights.

45.     Defendants' conduct proximately caused significant injuries, damages and losses to Plaintiffs.

## FOURTH CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Conspiracy - First and Fourth Amendment Violations)
### (Against all Defendants)

46.     Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

47.     Plaintiffs had federally protected constitutional rights under the First Amendment to be free from retaliation for constitutionally protected speech and conduct.

48.     Plaintiffs had federally protected constitutional rights under the Fourth Amendment to be free from unreasonable seizures and excessive force.

49.     Defendants Deshazer, Sands, and King Soopers, through one or more of its agents, including Defendant Sands, conspired to violate the First and Fourth Amendment rights of Plaintiffs.  Specifically Defendants conspired to arrest and physically abuse and injure Plaintiffs after they verbally protested the abusive racial epithet uttered at them by Defendant Deshazer.

50.     Defendant King Soopers condoned and ratified Deshazer's conduct when it failed to take any remedial measures in response to Plaintiffs' complaint.  Furthermore, Defendant King Soopers, through one or more of its agents, including Defendant Sands, actively participated in the retaliatory conduct.

51.     Defendants' conduct proximately caused significant injuries, damages and losses to Plaintiffs.

## FIFTH CLAIM FOR RELIEF
### (Common Law Battery)
### (Against Defendants Dillon Companies and Sands)

52.     Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully set

forth herein.

53.     Defendants unlawfully seized the Plaintiffs by means of excessive physical force and thereby unreasonably restrained them of their freedom.

54.     Defendants acts resulted in physical contact with the Plaintiffs.

55.     Defendants intended to make harmful or offensive physical contact with the Plaintiffs, and the contact was harmful or offensive to Plaintiffs.

56.     Defendants' conduct proximately caused significant injuries, damages and losses to Plaintiffs.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor and against the Defendants, and grant:

(a)     Appropriate declaratory and other injunctive and/or equitable relief;

(b)     Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(c)     All economic losses on all claims allowed by law;

(d)     Punitive damages on all claims allowed by law and in an amount to be determined at trial;

(e)     Attorneys fees and the costs associated with this action, including those associated with having to defend against the false criminal charge as well as expert witness fees, on all claims allowed by law;

(f)     Pre- and post-judgment interest at the lawful rate.

(g)     Any further relief that this court deems just and proper, and any other relief as

allowed by law.

PLAINTIFFS REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.

Dated this 20th day of February, 2007.

KILLMER, LANE & NEWMAN, LLP

s/ David A. Lane
_____
David A. Lane
Marcel Krzystek
1543 Champa Street, Suite 400
Denver, CO 80202
Attorneys for Plaintiff
(303) 571-1000
dlane@killmerlane.com
mkrzystek@killmerlane.com

10