## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00355-RPM-MEH

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend Loree McCormick-Rice,

      Plaintiffs,

   v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC., d/b/a KING SOOPERS, INC.,
a Kansas corporation, and ERNIE SANDS,

      Defendants.

---

## ANSWER OF DILLON COMPANIES, INC.

---

      COMES NOW the Defendant, Dillon Companies, Inc., d/b/a King Soopers. (hereinafter referred to as "King Soopers"), by and through its attorneys, White and Steele, P.C., by Stephen R. Higgins, and for its response to Plaintiffs' Complaint, states as follows:

### I.  FIRST DEFENSE
### (Introduction)

    1.    King Soopers denies the allegations in paragraph 1 of Plaintiffs' Complaint.

### II.  SECOND DEFENSE
### (Jurisdiction & Venue)

    2.    King Soopers denies the allegations contained in paragraph 2 of Plaintiffs' Complaint.

    3.    King Soopers denies the allegations contained in paragraph 3 of Plaintiffs' Complaint.

### III.  THIRD DEFENSE
### (Parties)

4.      King Soopers admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.      King Soopers admits the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.      King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 6 of Plaintiffs' Complaint and therefore denies the same.

7.      King Soopers admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.      King Soopers admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

### IV.  FOURTH DEFENSE
### (Factual Background)

9.      King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 9 of Plaintiffs' Complaint and therefore denies the same.

10.      King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 10 of Plaintiffs' Complaint and therefore denies the same.

11.      King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 11 of Plaintiffs' Complaint and therefore denies the same.

12.      King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 12 of Plaintiffs' Complaint and therefore denies the same.

13.      King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 13 of Plaintiffs' Complaint and therefore denies the same.

14.     King Soopers denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.     King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 15 of Plaintiffs' Complaint and therefore denies the same.

16.     King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 16 of Plaintiffs' Complaint and therefore denies the same.

17.     King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 6 of Plaintiffs' Complaint and therefore denies the same.

18.     King Soopers denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     King Soopers denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 20 of Plaintiffs' Complaint and therefore denies the same.

21.     King Soopers denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     King Soopers admits the allegations contained in paragraph 22 of Plaintiffs' Complaint.

### V.  FIFTH DEFENSE
### (42 U.S.C.§ 1983 Fourth Amendment Violation – Excessive Force Against Defendants Deshazer and Sands)

23.     King Soopers incorporates its answers to paragraphs 1 through 22 for its answer to paragraph 23 of Plaintiff's Complaint.

24.     King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 24 of Plaintiffs' Complaint and therefore denies the same.

3

25.     King Soopers denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.     King Soopers denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     King Soopers admits the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     King Soopers denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     King Soopers denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     King Soopers denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     King Soopers denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

## VI.  SIXTH DEFENSE
### (42 U.S.C. § 1983 Fourth Amendment Violation – Unlawful Seizure Against Defendants Deshazer and Sands)

32.     King Soopers incorporates its answers to paragraphs 1 through 31 for its answer to paragraph 32 of Plaintiffs' Complaint.

33.     King Soopers denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     King Soopers denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     King Soopers denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

## VII.  SEVENTH DEFENSE
### (42 U.S.C. § 1983 First Amendment Violation – Retaliation For Free Speech
### Against Defendants Deshazer and Sands)

36.     King Soopers incorporates its answers to paragraphs 1 through 35 for its answer to paragraph 36 of Plaintiffs' Complaint.

37.     King Soopers is without sufficient knowledge and information to form a belief as to the allegations in paragraph 37 of Plaintiffs' Complaint and therefore denies the same.

38.     King Soopers denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     King Soopers denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.     King Soopers denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.     King Soopers denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     King Soopers denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     King Soopers denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.     King Soopers denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     King Soopers denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

## VIII. EIGHTH DEFENSE
### (42 U.S.C. § 1983 Conspiracy – First and Fourth Amendment
### Against Defendants Deshazer and Sands)

46.     King Soopers incorporates its answer to paragraphs 1 through 45 for its answer to paragraph 46 of Plaintiffs' Complaint.

47.     King Soopers admits the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     King Soopers admits the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.     King Soopers denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.     King Soopers denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.     King Soopers denies the allegations contained in paragraph 51 of Plaintiffs' Complaint.

## IX. NINTH DEFENSE
### (Common Law Battery
### Against Defendants Dillon Companies and Sands)

52.     King Soopers incorporates its answers to paragraphs 1 through 51 for its answer to paragraph 52 of Plaintiffs' Complaint.

53.     King Soopers denies the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.     King Soopers denies the allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.     King Soopers denies the allegations contained in paragraph 55 of Plaintiffs' Complaint.

6

56.     King Soopers denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state a cause of action upon which relief can be granted under F.R.C.P. 12(b)(6).  Plaintiffs have failed to allege a *prima facia* case by not establishing each and every element of a § 1983 action or conspiracy action.  Plaintiffs have not established that King Soopers or its security guard acted under color of the law or that there was any conspiracy connection nor express agreement between King Soopers, its security guard Ernie Sands and Charles DeShazer, an Aurora police officer to commit an unlawful act.

2.     Plaintiffs have failed to join one or more necessary and indispensable parties.

3.     Plaintiffs' claims are barred or reduced by their own actions.

4.     Defendant acted in good faith and complied with all laws, ordinances, policies, practices and procedures.

5.     Defendant was not acting under color of law.  *Polk County v. Dotson*, 454 U.S. 312, 314 (US 1981).

6.     Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution.

7.     Defendant is entitled to qualified protection and immunity for all of their actions, including immunity under the Colorado Governmental Immunity Act, C.R.S. § 24-10-106, *et seq.*

8.     Plaintiffs' claims are barred or reduced by Plaintiffs' failure to mitigate their damages.

9.     Plaintiffs' claims are frivolous and groundless entitling Defendant to an award of attorney fees pursuant to 42 U.S.C. § 1988, § 1927 and Colorado Revised Statutes § 13-17-201.

10.     Defendant is entitled to attorney fees and immunity from civil liability pursuant to C.R.S. §16-3-202 and §16-3-203.

11.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

12.     Plaintiffs' claims may be barred in whole by applicable statutes of limitation.

WHEREFORE, Defendant Dillon Companies, Inc., d/b/a King Soopers, Inc., having answered the Complaint in its entirety, requests that this court enter an order dismissing all claims and awarding it attorney fees, expert witness fees, costs and such other further relief as this court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY A JURY OF SIX (6) PERSONS.**

By:  s/Stephen R. Higgins
        Stephen R. Higgins
        WHITE AND STEELE, P.C.
        950 17th Street, Suite 2100
        Denver, Colorado  80202
        (303) 296-2828
        Fax:  (303) 296-3131
        shiggins@wsteele.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 6th day of April, 2006, a true and correct copy of the foregoing was electronically filed via CM/ECF, sending notification of such filing to the following:

David A. Lane, Esq.
Marcel Krystek, Esq.
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO  80202

By:  <u>s/Stephen R. Higgins</u>
Stephen R. Higgins
WHITE AND STEELE, P.C.
950 17th Street, Suite 2100
Denver, Colorado  80202
(303) 296-2828
Fax:  (303) 296-3131
shiggins@wsteele.com