IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00355-RPM

---

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend, Loree McCormick-Rice,

Plaintiffs,

v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC. d/b/a/ KING SOOPERS, INC., a Kansas corporation, and
EARNEST SANDS

Defendants.

---

### *OFFICER DESHAZER'S ANSWER TO COMPLAINT*

---

Defendant Charles DeShazer, by Peter Morales of the Aurora City Attorney's Office, and David R. Osborne of the law firm of Hamilton and Faatz, a Professional Corporation, submits the following Answer to the Complaint.

### *I. INTRODUCTION*

1.  As to paragraph 1 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs have filed this action for damages against Aurora Police Officer Charles DeShazer, King Soopers security guard Earnest Sands, and King Soopers. Defendant denies that there was an assault committed against Plaintiffs on June 17, 2006, or that he seized or applied grossly excessive force against them. Defendant further denies that Officer DeShazer violated any First or Fourth

Amendment rights, nor any other federally protected Constitutional rights at the time of the incident at issue in this matter. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in paragraph 1 of Plaintiffs' Complaint and, therefore, denies the same.

## II. *JURISDICTION AND VENUE*

2.     Defendant incorporates by reference his response(s) contained in paragraph 1 above as if fully set forth herein.

3.     Paragraph 2 of Plaintiffs' Complaint contains legal conclusions for which no response is required.

4.     Defendant admits the allegation(s) contained in paragraph 3 of Plaintiffs' Complaint.

## III. *PARTIES*

5.     Defendant incorporates by reference his responses contained in paragraphs 1 through 4 above as if fully set forth herein.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4, 5, 7, and 8 of Plaintiffs' Complaint and, therefore, denies the same.

7.     Defendant admits the allegation(s) contained in paragraph 6 of Plaintiffs' Complaint.

## *IV. FACTUAL BACKGROUND*

8.  Defendant incorporates by reference his responses contained in paragraphs 1 through 7 above as if fully set forth herein.

9.  Defendant admits the allegations contained in paragraphs 9, 12, 20, and 22 of Plaintiffs' Complaint.

10. As to paragraph 10 of Plaintiffs' Complaint, Defendant denies that Ms. McCormick-Rice has a severe disability (asthma) which requires that she frequently be on oxygen. Defendant admits the remaining allegation(s) contained in paragraph 10 of Plaintiffs' Complaint.

11. As to paragraph 11 of Plaintiffs' Complaint, Defendant denies that he "gruffly" questioned Plaintiff. Defendant admits the remaining allegation(s) contained in paragraph 11 of Plaintiffs' Complaint.

12. As to paragraph 13 of Plaintiffs' Complaint, Defendant denies muttering in a voice loud enough for Plaintiffs to hear the epithet "fucking niggers." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in paragraph 13 of Plaintiffs' Complaint and, therefore, denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 14 of Plaintiffs' Complaint and, therefore, denies the same.

14. Defendant denies the allegation(s) contained in paragraphs 15, 16, and 17 of Plaintiffs' Complaint

3

15. As to paragraph 18 of Plaintiffs' Complaint, Defendant admits only that several Officers appeared on the scene, as did Defendant Sands. Defendant denies the remaining allegation(s) contained in paragraph 18 of Plaintiffs' Complaint.

16. As to paragraph 19 of Plaintiffs' Complaint, Defendant admits only that Cassidy was taken into custody and Ms. McCormick-Rice was released from the scene. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 19 of Plaintiffs' Complaint that Defendant Sands kicked Cassidy and, therefore, denies the same. Defendant denies the remaining allegation(s) contained in paragraph 19 of Plaintiffs' Complaint.

17. Defendant denies the allegation(s) contained in paragraph 21 of Plaintiffs' Complaint.

## V. *FIRST CLAIM FOR RELIEF*
*(42 U.S.C. Section 1983 Fourth Amendment Violation – Excessive Force)*
*(Against Defendants DeShazer and Sands)*

18. Defendant incorporates by reference his responses contained in paragraphs 1 through 17 above as if fully set forth herein in response to paragraph 23 of Plaintiffs' Complaint.

19. Defendant admits the allegations contained in paragraph 24 of Plaintiffs' Complaint.

20. Defendant denies the allegations contained in paragraphs 25, 28, 29, 30 and 31 of Plaintiffs' Complaint.

21. Defendant admits the allegation(s), only as to Officer DeShazer, contained in paragraph 26 of Plaintiffs' Complaint.

22.     Paragraph 27 of Plaintiffs' Complaint contains legal conclusions for which no response is required.

### VI. <u>SECOND CLAIM FOR RELIEF</u>
*(42 U.S.C. Section 1983 Fourth Amendment Violation – Unlawful Seizure)*
*(Against Defendants DeShazer and Sands)*

23.     Defendant incorporates by reference his responses contained in paragraphs 1 through 22 above as if fully set forth herein in response to paragraph 32 of Plaintiffs' Complaint.

24.     Defendant denies the allegations contained in paragraphs 33, 34, and 35 of Plaintiffs' Complaint.

### VII. <u>THIRD CLAIM FOR RELIEF</u>
*(42 U.S.C. Section 1983 First Amendment Violation – Retaliation for Free Speech)*
*(Against Defendant DeShazer)*

25.     Defendant incorporates by reference his responses contained in paragraphs 1 through 24 above as if fully set forth herein in response to paragraph 36 of Plaintiffs' Complaint.

26.     Defendant denies the allegations contained in paragraphs 37, 38, 39, 40, 41, 42, 43, 44 and 45 of Plaintiffs' Complaint.

### VIII. <u>FOURTH CLAIM FOR RELIEF</u>
*(42 U.S.C. Section 1983 Conspiracy - First and Fourth Amendment Violations)*
*(Against all Defendants)*

27.     Defendant incorporates by reference his responses contained in paragraphs 1 through 26 above as if fully set forth herein in response to paragraph 46 of Plaintiffs' Complaint.

28.     Paragraphs 47 and 48 of Plaintiffs' Complaint contain legal conclusions for which no response is required.

5

29.     Defendant denies the allegations contained in paragraphs 49 and 51 of Plaintiffs' Complaint.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 50 of Plaintiffs' Complaint and, therefore, denies the same.

### IX. *FIFTH CLAIM FOR RELIEF*
*(Common Law Battery)*
*(Against Defendants Dillon Companies and Sands)*

31.     Defendant incorporates by reference his responses contained in paragraphs 1 through 30 above as if fully set forth herein in response to paragraph 52 of Plaintiffs' Complaint.

32.     The allegations alleged in paragraphs 53, 54, 55, and 56 are not made against this Defendant and therefore, no response is required. To the extent Plaintiffs intend these allegations to apply to conduct of Defendant DeShazer, Defendant denies the same.

### *RELIEF REQUESTED*

Defendant denies that Plaintiffs are entitled to any of the relief set forth in the "Wherefore" clause, including subparts (a) through (g).

### *GENERAL DENIAL*

Defendant denies each and every allegation not specifically admitted herein.

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiffs have failed to state a valid claim or cause of action against Defendant upon which relief can be granted.

6

### *SECOND AFFIRMATIVE DEFENSE*

Plaintiffs have failed to mitigate their damages, if any, as required by law.

### *THIRD AFFIRMATIVE DEFENSE*

Plaintiffs' injuries and damages, if any, were the result of the negligence or unlawful actions or omissions of a third party or parties over whom this Defendant had no control nor exercised any right of control.

### *FOURTH AFFIRMATIVE DEFENSE*

Plaintiffs' injuries and damages, if any, were the result of Plaintiffs' own negligent or unlawful conduct, which negligence and/or unlawful conduct operates to bar or reduce the negligence of Defendant, if any.

### *FIFTH AFFIRMATIVE DEFENSE*

Defendant is entitled to absolute and qualified immunity based upon his reasonable and good faith belief in the lawfulness of his actions. Further, his conduct did not violate law which was clearly established on the date of the incident.

### *SIXTH AFFIRMATIVE DEFENSE*

Defendant is entitled to public official immunity. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Mitchell v. Forsyth, 472 U.S. 511 (1985).

### *SEVENTH AFFIRMATIVE DEFENSE*

Defendant is immune from suit in that his actions were not willful, wanton and malicious. C.R.S. §§ 19-3-304 and 19-3-309.

### *EIGHTH AFFIRMATIVE DEFENSE*

Defendant was exercising his public duty pursuant to C.R.S. § 18-1-701.

7

### NINTH AFFIRMATIVE DEFENSE

As to the § 1983 claims, the Defendant in his official capacity cannot be held liable on the basis of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Further, Defendant in his official or individual capacity cannot be held liable on the basis of respondeat superior for the acts of private parties whether or not they are acting under the color of state law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege an unconstitutional custom or policy on the part of the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover exemplary damages against this Defendant in his official capacity. *City of Newport v. Fact Concerts*, 453 U.S. 247, 101 S. Ct. 2748, 69 L.Ed.2d 616 (1981) (civil rights claims) and C.R.S. § 24-10-114(4) (state tort claims). *Lopez v. RTD*, 899 P.2d 254 (Colo. App. 1994).

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs assumed the risk of injury or damages claimed, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' claims are barred or limited on the basis of self-defense.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' claims are subject to reduction under the doctrine of set-off.

### *FIFTEENTH AFFIRMATIVE DEFENSE*

Defendant alleges that Plaintiffs' claim for punitive or exemplary damages violates the Excessive Fines clause of the Eighth Amendment to the United States Constitution; the Due Process clause of the Fourteenth Amendment to the United States Constitution; the Equal Protection clause of the United States Constitution; and the Double Jeopardy clause of the Fifth Amendment to the United States Constitution.

### *SIXTEENTH AFFIRMATIVE DEFENSE*

Defendant alleges that Plaintiffs' claims are barred as he was privileged to arrest Plaintiffs without a warrant and had probable cause to do so under the circumstances then existing.

### *SEVENTEENTH AFFIRMATIVE DEFENSE*

Defendant alleges that Plaintiffs' claims are barred as Defendant was privileged to use reasonable and appropriate physical force to effect an arrest.

### *EIGHTEENTH AFFIRMATIVE DEFENSE*

To the extent that Plaintiffs' Complaint asserts a theory that this Defendant and private parties were acting as joint tort-feasors, Defendant reserves the right to assert any and all defenses under state statute and state common law, including, but not limited to, C.R.S. § 24-10-101, *et seq.*; C.R.S. § 13-21-102.5; C.R.S. § 13-21-111.6; C.R.S. § 13-21-102; and concepts of comparative or apportionment of fault.

### ***NINETEENTH AFFIRMATIVE DEFENSE***

Plaintiff's' claims against the Defendant are substantially frivolous, groundless, and vexatious, entitling the Defendant to recover his reasonable expenses, including attorneys' fees, pursuant to C.R.S. § 13-17-101 *et seq.*, 42 U.S.C. 1988(b) and F.R.C.P. Rule 11.

Defendant specifically reserves the right to amend his Answer to include additional defenses and affirmative defenses, and/or to delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

WHEREFORE, Defendant, having answered Plaintiffs' Complaint, prays that this Court enter judgment in Defendant's favor, award costs and fees, dismiss the same and for such other and further relief as the Court deems proper.

**DEFENDANT DEMANDS TRIAL TO A JURY ON ALL ISSUES**

Respectfully submitted this 15th day of May, 2007

    s/ Peter Morales
    Peter Morales
    Office of the City Attorney
    Aurora Municipal Center, Suite 5300
    15151 East Alameda Parkway
    Aurora, Colorado 80012
    Telephone: (303) 739-7030
    Facsimile: (303) 739-7042
    E-mail: pmorales@auroragov.org
    ATTORNEY FOR CHARLES DESHAZER

    s/ David R. Osborne
    David R. Osborne
    Hamilton and Faatz
    A Professional Corporation
    1600 Broadway, Suite 500
    Denver, Colorado 80202
    Telephone: (303) 830-0500
    Facsimile: (303) 860-7855
    E-mail: drosborne@handf.com
    ATTORNEY FOR CHARLES DESHAZER

## *CERTIFICATE OF SERVICE*

I hereby certify that on May 15, 2007, I electronically filed the foregoing Officer DeShazer's Answer to Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email:

David Arthur Lane, Esq.
dlane@killmerlane.com

Stephen R. Higgins, Esq.
shiggins@wsteele.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

NONE

    s/ Sandi Ostema
    Sandi Ostema