IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00355-RPM
───────────────────────────────────────────────────────────────

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend, Loree McCormick-Rice,

Plaintiffs,

v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC. d/b/a/ KING SOOPERS, INC., a Kansas corporation, and
EARNEST SANDS

Defendants.
───────────────────────────────────────────────────────────────

### *OFFICER DESHAZER'S MOTION SEEKING A STAY OF DISCOVERY AND PROTECTIVE ORDER AND MEMORANDUM BRIEF IN SUPPORT THEREOF*
───────────────────────────────────────────────────────────────

Defendant Charles DeShazer, by Peter Morales of the Aurora City Attorney's Office, and David R. Osborne of the law firm of Hamilton and Faatz, a Professional Corporation, submits his Motion Seeking a Stay of Discovery and Protective Order and Memorandum Brief in Support Thereof.

### *CONFERRAL CERTIFICATION*

Pursuant to D.C.COLO.LCivR 7.1(A), counsel for Charles DeShazer has conferred with counsel for all other parties on this motion. Counsel for Plaintiffs objects to this motion. Counsel for Defendant Dillon Companies, Inc. and Defendant Sands does not object to this motion.

## *INTRODUCTION*

Plaintiff filed this case on February 20, 2007. The Scheduling Conference is set for July 10, 2007. On May 15, 2007, a Grand Jury Subpoena was directed to the Aurora Police Department, Chief of Police Daniel Oates, to appear and produce certain documents on June 18, 2007 before the Grand Jury of the United States District Court for the District of Colorado. *See* Grand Jury Subpoena, attached hereto as **Exhibit A** at p. 1. The Subpoena provides for the request of information regarding Officer Charles DeShazer ("Officer DeShazer") and the arrest of Loree McCormick-Rice and Cassidy Rice on June 17, 2006. **Exhibit A** at pp. 2-3. The Subpoena requests material that is the subject of the lawsuit in the present action, and it is anticipated that Officer DeShazer will also be subpoenaed to testify as a target of the investigation.

## *ARGUMENT*

Officer DeShazer moves to seek a stay of discovery proceedings and protective order pursuant to Fed.R.Civ.P. 26(c) and D.C.COLO.L.CIV.R. 30.2. The requested stay and protective order are necessary because the subject matter of the civil case now before this Court is directly related to the facts underlying the Grand Jury Investigation of Officer DeShazer. Permitting civil discovery as it relates to Officer DeShazer to go forward may result in premature disclosure of information protected by Officer DeShazer's Fifth Amendment right against self-incrimination.

### 1. Officer DeShazer's Fifth Amendment Rights Against Self Incrimination Could be Infringed Upon, Absent a Stay of Discovery.

The Fifth Amendment to the United States Constitution states that "[n]o person … shall be compelled in any criminal case to be a witness against himself…." U.S. CONST. amend. V. The privilege applies "alike to civil and criminal proceedings, wherever the answer might tend to

2

subject to criminal responsibility him who gives it." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). An individual asserting a Fifth Amendment privilege has the initial burden of showing that a risk of substantial and real testimonial self-incrimination would occur as a result of providing the information sought. *U.S. v. Schmidt*, 816 F.2d 1477, 1482 (10th Cir. 1987).[1] "[G]rand jury investigations are criminal proceedings that are a part of the judicial process." *U.S. v. Wood*, 6 F.3d 692, 695 (10th Cir. 1993) (citing *U.S. v. Deffenbaugh Indus., Inc.*, 957 F.2d 749, 752-53 (10th Cir. 1992)).

If Officer DeShazer is to comply with discovery in this civil action, he will be forced to subject himself to questioning and admissions through depositions, interrogatories, and other discovery means. These admissions, though discoverable in a civil action, would normally be protected in a criminal proceeding, absent a waiver. The very act of complying with these discovery requests in this civil action might constitute a waiver, which would allow the state to bypass the protections of the 5th Amendment in the criminal proceeding. *See Manass v. Meyers*, 419 U.S. 449, 466 (1975) (noting the Fifth Amendment privilege can be waived or lost if not asserted in a timely fashion). In order to ensure that this Constitutionally protected information remains protected, and so that he may later fully comply with discovery requests, Officer DeShazer requests this Court to stay discovery and enter a protective order in this civil action, so far as it relates to Officer DeShazer, until the resolution of the criminal proceedings initiated against him.

---

[1] One court, in interpreting the *Schmidt* standard, has held that this burden is met by showing contemporaneous criminal proceedings pending against a defendant. *See State of N.M. ex rel. Albuquerque Police Dep't v. One Black 1983 Chevrolet Van*, 901 P.2d 211, 213 (N.M. Ct. App. 1995).

### 2. This Court is Justified in Granting a Stay of Discovery and Protective Order Pursuant to Fed.R.Civ.P. 26(c) and D.C.COLO.LCIVR 30.2.

"[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem to require such action.'" *SEC v. Power Sec. Corp.*, 142 F.R.D. 321, 323 (D. Colo. 1992) (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (*en banc*), *cert. denied*, 449 U.S. 993 (1980)). This District recently held that "the public has an interest in ensuring the criminal process is not subverted." *SEC v. Nacchio*, No. Civ.A05CV00480MSKCBS, 2005 WL 1799372, at *3 (D. Colo. July 28, 2005) (citing *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F.Supp 2d 6, 10 (D. Conn. 2002)).

Courts have long recognized that the interests of justice weigh in favor of a stay of parallel civil proceedings due to the variety of ways in which the civil proceeding may impede a criminal proceeding. *See Application of Eisenberg*, 654 F.2d 1107, 1113-14 (5th Cir. 1981) (noting the policy that "criminal prosecutions take priority over civil actions"); *Dresser Indus., Inc.*, 628 F.2d at 1375-76; *U.S. v. Henry*, 491 F.2d 702, 704-05 (6th Cir. 1974); *Texaco, Inc. v. Borda*, 383 F.2d 607, 608-09 (3d Cir. 1967) ("[D]efendants should not be unduly hampered as … they would be if they had to fight on two fronts at the same time").

Courts have also recognized the priority that should be given to the "public interest in law enforcement." *U.S. v. Hugo Key & Son, Inc.,* 672 F. Supp. 656, 685 (D.R.I. 1987); *see In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("[T]he *public interest* in the criminal case is entitled to precedence over the civil litigant").

Moreover, courts have recognized that a stay may be necessary because a litigant "should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a

4

dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962); *see Founding Church of Scientology v. Kelley*, 77 F.R.D. 378 (D.C. Cir. 1977) (holding that interrogatories that sought information related to a privileged grand jury matter were not discoverable in the civil proceeding).

Finally, as the D.C. Circuit explained in *Dresser*:

[T]he strongest case for deferring civil proceedings until after the completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.

*Dresser Indus., Inc.*, 628 F.2d at 1375-76.

### 3. Officer DeShazer Intends to Invoke His Fifth Amendment Right if Discovery is Immediately Permitted.

In the event that discovery requests from Officer DeShazer are permitted before the resolution of the pending criminal proceedings, Officer DeShazer will assert his Fifth Amendment privilege in relation to "any disclosures which [he] reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. U.S.*, 406 U.S. 441, 445 (1972). The right against testimonial compulsion against ones self "must be accorded liberal construction in favor of the right it was intended to secure." *Hoffman v. U.S.*, 341 U.S. 479, 486 (1951).

## *CONCLUSION*

Considerations of Fifth Amendment protections, the interests of justice, the priority of criminal proceedings over civil actions, and protection of parties to criminal proceedings warrant the granting of a stay of discovery and protective order. The plaintiffs to this civil action will not suffer substantial prejudice if discovery is stayed because such a stay does not affect all discovery in the action and would be limited in duration. For the foregoing reasons, Officer DeShazer respectfully requests that this Court grant his Motion Seeking a Stay of Discovery and Protective Order.

Respectfully submitted this 3rd day of July, 2007

        s/ Peter Morales
        Peter Morales
        Office of the City Attorney
        Aurora Municipal Center, Suite 5300
        15151 East Alameda Parkway
        Aurora, Colorado  80012
        Telephone:  (303) 739-7030
        Facsimile:  (303) 739-7042
        E-mail:  pmorales@auroragov.org
        ATTORNEY FOR CHARLES DESHAZER

        s/ David R. Osborne
        David R. Osborne
        Hamilton and Faatz
        A Professional Corporation
        1600 Broadway, Suite 500
        Denver, Colorado 80202
        Telephone: (303) 830-0500
        Facsimile: (303) 860-7855
        E-mail: drosborne@handf.com
        ATTORNEY FOR CHARLES DESHAZER

## **CERTIFICATE OF SERVICE**

I hereby certify that on 3rd of July, 2007, I electronically filed the foregoing ***OFFICER DESHAZER'S MOTION SEEKING A STAY OF DISCOVERY AND PROTECTIVE ORDER AND MEMORANDUM BRIEF IN SUPPORT THEREOF*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email:

David Arthur Lane, Esq.
dlane@killmerlane.com

Stephen R. Higgins, Esq.
shiggins@wsteele.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

NONE

                                                            s/ *David R. Osborne*