**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00355-RPM-MEH

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend Loree McCormick-Rice,

      Plaintiffs,

v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC. d/b/a KING SOOPERS, INC., a Kansas corporation, and
EARNEST SANDS,

      Defendants.

_____

**PLAINTIFFS' RESPONSE TO DESHAZER
MOTION FOR PROTECTIVE ORDER (DOCUMENT #12)**
_____

      Plaintiffs Loree McCormick-Rice and Cassidy Rice, by and through their attorneys, David A. Lane and Elizabeth Hunt-White of KILLMER, LANE & NEWMAN, LLP, hereby files the following PLAINTIFFS' RESPONSE TO DESHAZER MOTION FOR PROTECTIVE ORDER (DOCUMENT #12):

**INTRODUCTION**

      Plaintiffs understand and agree that Deshazer has an absolute right to interpose his right to remain silent under the Fifth Amendment to the United States Constitution. This right, as defense counsel correctly noted, may be interposed in either a criminal or civil proceeding and may indeed be asserted in answer to any oral or written discovery requests made by Plaintiffs' counsel in this matter. Plaintiff will not interfere in any way with Deshazer's right to interpose his privilege against self-incrimination during the litigation of this matter. Anytime Deshazer believes he should invoke his rights under the

Fifth Amendment, he is free to do so. This is why the motion filed by Deshazer should be denied.

At the outset, Deshazer argues that if he answers questions in the discovery of this matter, he may waive his rights under the Fifth Amendment. This is correct and that is why he should probably invoke his right to remain silent if questions are propounded to him that he believes may tend to incriminate him.

Deshazer requests that this Court stay the proceedings until the conclusion of any criminal proceedings. There is no assurance, however, that any criminal proceedings might not last for years. Furthermore, not all information Deshazer will give during discovery may tend to incriminate him. For example, an admission that he was employed by King Soopers or the shopping area as a security guard would probably not provoke an invocation of the Fifth Amendment but would be important for Plaintiffs in this case. Other information not generally of an incriminating nature may be elicited from Deshazer during depositions such as his history in law enforcement and general background information. Because counsel for the City of Aurora has indicated that Deshazer would "invoke his Fifth Amendment privilege in relation to "any disclosures which [he] reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used"" he is attempting to block any and all discovery in this matter. The motion is overly-broad and should be denied.

## **ARGUMENT**

At the outset, it should be noted as previously stated, not all questions asked in a deposition should result in the invocation of the Fifth Amendment. It is unknown at this time who Deshazer's attorney is in the grand jury matter, but it is very doubtful that it is

the City Attorney's Office from Aurora, who filed the motion for a complete stay of discovery in this matter. Regardless of who his criminal attorney is, Deshazer cannot invoke his Fifth Amendment rights through counsel's blanket statement to the effect that he intends to invoke the privilege set forth in a motion for a protective order. The Tenth Circuit has stated that "a statement of counsel's "advice" is obviously not the equivalent of a party's personal and affirmative invocation of the privilege. *See generally United States v. Schmidt*, 816 F.2d 1477, 1481 n.3 (10th Cir. 1987)(Fifth Amendment creates personal privilege, which, accordingly, cannot be invoked by counsel but must be interposed personally by party). Thus, the motion was properly denied "for failure to show good cause for a complete stay of discovery," without any consideration of constitutional concerns." *United States v. A & P Arora, Ltd.*, 1995 U.S. App. LEXIS 1056 (10th Cir. 1995).

In the most pertinent case on point, *Mid-America's Process Service v. Ellison*, 767 F.2d 684, 685-686 (10th Cir. 1985), the court was confronting a virtually identical situation to that facing this Court. It was argued in that case that a complete stay of discovery was necessary in order to avoid any Fifth Amendment problems and because the putative criminal defendant would be prejudiced in his civil defense without the stay, the court was requested to stop discovery.

The Court in that case agreed with Deshazer's position that the Fifth Amendment privilege certainly exists and that "[t]he individual petitioners unquestionably may assert a Fifth Amendment privilege in this civil case and refuse to reveal information properly subject to the privilege, *see Kordel*, 397 U.S. at 7-8…" The court, however, went on to state that if the civil litigant wished to avail himself of the privilege "…they may have to

accept certain bad consequences that flow from that action. *See Baxter*, 425 U.S. at 318-19; *Lefkowitz v. Cunningham*, 431 U.S. 801, 808 n.5, 53 L. Ed. 2d 1, 97 S. Ct. 2132." *Mid-America*, 767 F.2d at 686.

The circuit went on to hold that while "…postponement might be appropriate in a particular instance, we believe that the law does not require postponement of civil discovery until fear of criminal prosecution is gone. The propriety of postponement is a matter for the exercise of the trial court's discretion. *See SEC v. Dresser Industries, Inc.*, 202 U.S. App. D.C. 345, 628 F.2d 1368, 1375-76 (D.C. Cir.) (*en banc*), *cert. denied*, 449 U.S. 993, 101 S. Ct. 529, 66 L. Ed. 2d 289 (1980); *Gordon v. Federal Deposit Insurance Corp.*, 138 U.S. App. D.C. 308, 427 F.2d 578, 580 (D.C. Cir. 1970)." *Id.* At 687.

The court cited cases in which district courts stayed discovery in the exercise of their discretion, (*See Paul Harrigan & Sons v. Enterprise Animal Oil Co.*, 14 F.R.D. 333, 335 (E.D. Penn. 1953); *see also Dienstag v. Bronsen*, 49 F.R.D. 327, 329 (S.D.N.Y. 1970); *Perry v. McGuire*, 36 F.R.D. 272, 274 (S.D.N.Y. 1964); *National Discount Corp. v. Holzbaugh*, 13 F.R.D. 236, 237 (E.D. Mich. 1952)) and other cases in which other courts have deemed postponement inappropriate. (*See, e.g., DeVita v. Sills*, 422 F.2d 1172, 1178 (3d Cir. 1970); *SEC v. Gilbert*, 79 F.R.D. 683, 686 (S.D.N.Y. 1978)).

The United States Supreme Court has spoken on this issue and has held that the Fifth Amendment may be asserted in the civil context, however the invocation of that privilege should not prevent a civil litigant from facing consequences for that invocation.

> It is important to note here that the position adopted by the Court of Appeals is rooted in the Fifth Amendment and the policies which it serves. It has little to do with a fair trial and derogates rather than improves the chances for accurate decisions. Thus, aside from the privilege against compelled self-incrimination, the Court has consistently recognized that in proper circumstances silence in the face of accusation is a relevant fact not barred from evidence by the Due Process

> Clause. *Adamson v. California*, 332 U.S. 46 (1947); *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 153-154 (1923); *Raffel v. United States*, 271 U.S. 494 (1926); *Twining v. New Jersey*, 211 U.S. 78 (1908). *See also United States v. Hale*, 422 U.S. 171, 176-177 (1975); *Gastelum-Quinones v. Kennedy*, 374 U.S. 469, 479 (1963); *Grunewald v. United States*, 353 U.S. 391, 418-424 (1957). Indeed, as Mr. Justice Brandeis declared, speaking for a unanimous court in the *Tod* case, *supra*, which involved a deportation: "Silence is often evidence of the most persuasive character." 263 U.S., at 153-154. And just last Term in *Hale, supra,* the Court recognized that "[f]ailure to contest an assertion... is considered evidence of acquiescence... if it would have been natural under the circumstances to object to the assertion in question." 422 U.S., at 176. n3

*Baxter v. Palmigiano*, 425 U.S. 308, 319 (U.S. 1976).

## CONCLUSION

It would seem that in this case, the appropriate method of protecting both Deshazer's rights under the Fifth Amendment and Plaintiffs' rights to proceed in this lawsuit, would be that a Protective Order enter. This Order should include provisions that any discovery obtained from Deshazer be marked "confidential" and would not be disclosed by any party, absent a court order or other appropriate legal process, such as a grand jury subpoena *duces tecum*, upon notice to Deshazer who would then have an opportunity to litigate a motion to quash in court. Any deposition of Deshazer should be done in court either with a Magistrate Judge's presence or in the presence of this Court so that Fifth Amendment privilege issues may be promptly ruled upon.

Because Deshazer's motion is overly broad, it should be denied.

WHEREFORE, it is respectfully requested that this Court deny the motion to stay discovery and for such other further relief as this Court deems just and proper.

Respectfully submitted,

                                        KILLMER, LANE & NEWMAN, LLP

                                        s/ David A. Lane

_____
David A. Lane
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Attorneys for Plaintiff
(303) 571-1000
dlane@killmerlane.com

## CERTIFICATE OF SERVICE

I hereby certify that on, July 8, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

- Stephen R. Higgins; shiggins@wsteele.com

- Peter Morales; pmorales@auroragov.org

- David R. Osborne; drosborne@handf.com

s/ David A. Lane
_____