IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00355-RPM

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend, Loree McCormick-Rice,

Plaintiffs,

v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC. d/b/a/ KING SOOPERS, INC., a Kansas corporation, and
EARNEST SANDS

Defendants.

## *STIPULATION AND PROTECTIVE ORDER*

Each party and each Counsel of Record stipulate and move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.      In this action, at least one of the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  The Parties have entered into this Stipulation and

request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein:

2. "Confidential Information" means any document, file portion of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including but not limited to:

    a. the Parties and/or their representatives' personnel files;

    b. internal affairs investigation files;

    c. witness statements protected by the attorney-client and/or work product privileges; and

    d. all medical records produced in this case by any party or medical provider.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

        4.        All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

        a.        It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

        b.        It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

        5.        Individuals authorized to review Confidential Information pursuant to this Protective Order including, but no limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Court order.

        6.        The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

        7.        During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the

source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

9. During pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notices shall identify the information to which the objection is made.  If the parties cannot resolved the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall continue to maintain confidentiality in the storage of any such records.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

**DATED** this _____ day of _____ 2007.

                                                                  **BY THE COURT:**

                                                                  Richard P. Matsch, Senior District Judge

**APPROVED AS TO FORM:**

Respectfully submitted,

KILLMER, LANE & NEWMAN, LLP

s/ David A. Lane
David A. Lane
1543 Champa Street, Suite 400
Denver, Colorado  80012
Telephone:  (303) 571-1000
E-mail:  dlane@killmerlane.com
ATTORNEYS FOR PLAINTIFF

s/ Peter Morales
Peter Morales
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado  80012
Telephone:  (303) 739-7030
Facsimile:  (303) 739-7042
E-mail:  pmorales@auroragov.org
ATTORNEY FOR DEFENDANT
CHARLES DESHAZER

7

s/ David R. Osborne
David R. Osborne
Hamilton and Faatz
A Professional Corporation
1600 Broadway, Suite 500
Denver, Colorado 80202
Telephone: (303) 830-0500
Facsimile: (303) 860-7855
E-mail: drosborne@handf.com
ATTORNEY FOR DEFENDANT
CHARLES DESHAZER


s/ Stephen R. Higgins
Stephen R. Higgins
WHITE AND STEELE, P.C.
950 17th Street, Suite 2100
Denver, Colorado 80202
Telephone: (303) 296-2828
Facsimile: (303) 296-3131
E-mail: shiggins@wsteele.com
ATTORNEY FOR DEFENDANT DILLON COMPANIES, INC. AND EARNEST SANDS

## *CERTIFICATE OF SERVICE*

I hereby certify that on July 18, 2007, I electronically filed the foregoing Stipulation and Protective Order using the CM/ECF system which will send notification of such filing to the following email:

David Arthur Lane, Esq.
dlane@killmerlane.com

Stephen R. Higgins, Esq.
shiggins@wsteele.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

NONE

                                                  s/ David R. Osborne