IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00355-RPM

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend, Loree McCormick-Rice,

Plaintiffs,

v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC. d/b/a/ KING SOOPERS, INC., a Kansas corporation, and
EARNEST SANDS

Defendants.

*OFFICER DESHAZER'S REPLY IN SUPPORT OF MOTION SEEKING A STAY OF DISCOVERY AND PROTECTIVE ORDER AND MEMORANDUM BRIEF IN SUPPORT THEREOF*

Defendant Charles DeShazer, by Peter Morales of the Aurora City Attorney's Office, and David R. Osborne of the law firm of Hamilton and Faatz, a Professional Corporation, submits his Reply in Support of Motion Seeking a Stay of Discovery and Protective Order and Memorandum Brief in Support Thereof.

## *INTRODUCTION*

Plaintiffs do not dispute that Officer DeShazer has an absolute right to interpose his right to remain silent under the Fifth Amendment to the United States Constitution or that this right may be interposed in a civil proceeding. Plaintiffs' Response to DeShazer Motion for Protective Order ("Plaintiffs' Response") at 1. However, Plaintiffs mischaracterize Officer DeShazer's

Motion Seeking a Stay of Discovery and Protective Order and Memorandum Brief in Support Thereof ("Officer DeShazer's Motion") as "overly-broad." Plaintiffs' Response at 2. Plaintiffs attempt to offer support for their position by quoting small portions of Tenth Circuit and Supreme Court cases. These cases, when read in their entirety, are not directly applicable to the case before this Court as they involve factual circumstances unlike those surrounding Officer DeShazer.

### *ARGUMENT*

A.   **Plaintiffs Mischaracterize Officer DeShazer's Motion.**

Plaintiffs mischaracterize Officer DeShazer's Motion as an attempt "to block any and all discovery in this matter." Plaintiffs' Response at 2. On the contrary, Officer DeShazer's Motion is limited in scope, as it applies only to discovery so far as it relates to Officer DeShazer and is limited in duration until the resolution of criminal proceedings initiated against Officer DeShazer. Officer DeShazer's Motion at 3. Officer DeShazer's Motion only seeks a temporary stay of discovery and is not an attempt to block any and all discovery in this matter. Thus, Plaintiffs' assertion that the motion is "overly-broad" is without merit. *See* Plaintiffs' Response at 2.

Plaintiffs further argue that Officer DeShazer's Motion is overly broad because it would prevent Plaintiffs from discovering important information that might not be subject to Fifth Amendment privilege, such as whether or not Officer DeShazer was employed by King Soopers as a security guard. *Id.* Although a stay of discovery as it relates to Officer DeShazer would prevent Plaintiffs from asking Officer DeShazer for information regarding whether or not King Soopers employed him, it would not render that information undiscoverable. Plaintiffs would

2

have other avenues open to them to discover such information, such as asking the Defendant Dillon Companies, Inc.'s Fed.R.Civ.P. 30(b)(6) designated representative about whether or not Officer DeShazer was employed by King Soopers.  Thus, Plaintiffs' example fails to show how Plaintiffs would be prejudiced by the Court's granting Officer DeShazer's Motion.

Plaintiffs also mischaracterize Officer DeShazer's Motion as an attempt by Officer DeShazer "to invoke his Fifth Amendment rights through counsel's blanket statement to the effect that he intends to invoke the privilege set forth in a motion…." Plaintiffs' Response at 3. Officer DeShazer's Motion merely conveys Officer DeShazer's <u>intention</u> of invoking his Fifth Amendment rights if discovery is allowed to proceed in this action.  *See* Officer DeShazer's Motion at 5.  The motion, in itself, is not in any way an attempt at invoking the Fifth Amendment privilege, but is rather an anticipatory solution to avoid the burden to all parties and this Court of Officer DeShazer's anticipated invocations of the privilege, Plaintiffs' anticipated objections, and, consequently, this Court's need to rule on every one of those anticipated objections. Furthermore, a stay will protect Officer DeShazer against premature disclosure of information protected by Officer DeShazer's Fifth Amendment right against self-incrimination, in furtherance of the purpose for a protective order, to protect a party from oppression. Fed.R.Civ.P. 26(c); *see Doe v. Disrict. of Columbia*, 697 F.2d 1115, 1119 (D.C. Cir. 1983) (noting protective orders are designed to curtail abusive invocations of discovery procedures).

**B.     Case Law Cited by Plaintiffs is Inapplicable to This Case.**

Plaintiffs cite several cases that discuss the applicability of Fifth Amendment privilege or motions to stay discovery. However, none of these cases binds this Court in making its decision

as to whether or not it should grant a temporary stay in discovery, as they are factually and procedurally distinct from the case facing this Court.

On page 3 of their motion, Plaintiffs cite to *United States v. A & P Arora, Ltd.*, a case in which a motion to stay discovery was denied for failure to show good cause for a complete stay of discovery. No. 93-3390, 1995 WL 18276 at *2 n.4 (10th Cir. Jan. 18, 1995). Plaintiffs fail to mention that the Tenth Circuit specifically states in that decision that "the motion [to stay discovery] did not mention the Fifth Amendment…" and thus did not properly raise constitutional concerns. *Id.* Officer DeShazer's Motion, on the other hand, specifically points out areas of discovery that will raise constitutional concerns for Officer DeShazer. Compliance with these discovery tactics could constitute a future waiver of Officer DeShazer's Fifth Amendment rights. Officer DeShazer's Motion at 3. Unlike the motion in *A & P Arora, Ltd.*, Officer DeShazer's motion mentions the Fifth Amendment and properly raises constitutional concerns. Thus, *A & P Arora, Ltd.* does not apply to this case.

Plaintiffs rely heavily on *Mid Am. Process Service v. Ellison*, 767 F.2d 684 (10th Cir. 1985), a case Plaintiffs claim is "on point" and a "virtually identical situation to the one facing this Court." Plaintiffs' Response at 3. In *Mid Am. Process Service*, the petitioners requested that the appellate court issue a <u>writ of mandamus</u> directing the district court in the civil action to postpone discovery. 767 F.2d at 685. The situation in *Mid Am. Process Service* is very different from the one facing this Court. A writ of mandamus is an extraordinary measure and carries with it a difficult standard to meet.[1] The Tenth Circuit in *Mid Am. Process Service* noted, as Officer DeShazer argued in his Motion, that "[t]he propriety of postponement is a matter for the exercise

---

[1] *Foster v. Overstreet*, 905 S.W.2d 504, 505 (Ky. 1995); *see Ahmed v. I.N.S.*, 911 F.Supp. 132, 134 (S.D.N.Y. 1996).

of the trial court's discretion." 767 F.2d. at 687 (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (*en banc*), *cert. denied*, 449 U.S. 993 (1980)); *See* Officer DeShazer's Motion at 4. *Mid Am. Process Service* stands for the principal that "[a]n appellate court does not issue a writ of mandamus to tell a district court how to decide a question that is within the district court's discretion." 767 F.2d at 687. The Tenth Circuit's decision in no way suggests that it is incorrect or improper for a district court to stay discovery where a defendant is also facing a criminal proceeding regarding the same set of facts.

Finally, Plaintiffs assert that the United States Supreme Court's decision in *Baxter v. Palmigiano*, 425 U.S. 308 (1976) controls this issue. The Court's decision in *Baxter* is not applicable to Officer DeShazer's Motion, as *Baxter* applied to silence at a prison hearing, where there were no criminal proceedings being commenced against the defendant. The Court in *Baxter* specifically stated that "[n]o criminal proceedings are or were pending against Palmigiano." 425 U.S. at 317. In *Baxter*, Palmigiano (the defendant claiming a constitutional violation) was attempting to invoke his Fifth Amendment privilege during a prison disciplinary hearing, while no concurrent criminal proceedings were being commenced. *Id.* Since there were no concurrent criminal proceedings, the Court held that the State in the *Baxter* case was not coercing Palmigiano to waive his Fifth Amendment rights by threatening to use his silence against him. *Id.* at 317-18. Furthermore, Palmigiano, as a convicted felon and inmate of Rhode Island Adult Correction Institution, serving a life sentence for murder, was afforded fewer constitutional protections than the average American citizen defending a lawsuit. Inmates often give up constitutional rights as a result of being convicted and incarcerated, such as their Fourth

5

Amendment Rights against unreasonable search and seizure or their Second Amendment Right to bear arms.

The facts in *Baxter* are a far cry from those surrounding Officer DeShazer in this case. Criminal proceedings have been initiated against Officer DeShazer, as a Grand Jury is investigating the incident. Furthermore, Officer DeShazer is not a convicted felon whose constitutional rights have already been eroded but rather a loyal and dedicated public servant who enjoys full constitutional privileges. Since criminal proceedings have already been initiated, and Officer DeShazer is afforded all the constitutional protections of any free American citizen, Officer DeShazer has a Fifth Amendment privilege against self-incrimination that can be invoked in the civil proceedings. *See Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

Plaintiffs close their argument with a quote from *Baxter*, which, in part reads, "Thus, aside from the privilege against self-incrimination, the Court has consistently recognized that in proper circumstances silence in the face of accusation is a relevant factor not barred from evidence by the Due Process Clause." 425 U.S. at 319 (emphasis added); Plaintiffs' Response at 4-5. If Officer DeShazer chooses to remain silent in this civil case, he will do so pursuant to his Fifth Amendment privilege against self-incrimination. Thus, according to the United States Supreme Court's decision in *Baxter*, Officer DeShazer's silence could not be used against him because his silence would be properly invoked pursuant to Officer DeShazer's Fifth Amendment privilege against self-incrimination. *See* 425 U.S. at 319. Officer DeShazer's invocation of his Fifth Amendment right would not be one of the "proper circumstances" where silence could be used as evidence against him. *See id.*

6

## *CONCLUSION*

Plaintiffs Motion does not lay out sufficient support that would compel the Court to refuse to grant a stay of discovery to Officer DeShazer.  The decision to temporarily postpone discovery, as it relates to Officer DeShazer, is within the sound discretion of the Court.  Interests of justice and constitutional concerns warrant granting a temporary stay of discovery as it relates to Officer DeShazer.  For the foregoing reasons, Officer DeShazer respectfully requests that this Court grant his Motion Seeking a Stay of Discovery and Protective Order and order that any party may seek to lift the stay on a showing that the criminal proceedings against Officer DeShazer have been resolved

Respectfully submitted this 23rd day of July, 2007

s/ Peter Morales
Peter Morales
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado  80012
Telephone:  (303) 739-7030
Facsimile:  (303) 739-7042
E-mail:  pmorales@auroragov.org
ATTORNEY FOR CHARLES DESHAZER

s/ David R. Osborne
David R. Osborne
Hamilton and Faatz
A Professional Corporation
1600 Broadway, Suite 500
Denver, Colorado 80202
Telephone: (303) 830-0500
Facsimile: (303) 860-7855
E-mail: drosborne@handf.com
ATTORNEY FOR CHARLES DESHAZER

## CERTIFICATE OF SERVICE

I hereby certify that on 23rd of July, 2007, I electronically filed the foregoing ***OFFICER DESHAZER'S REPLY IN SUPPORT OF MOTION SEEKING A STAY OF DISCOVERY AND PROTECTIVE ORDER AND MEMORANDUM BRIEF IN SUPPORT THEREOF*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email:


David Arthur Lane, Esq.
dlane@killmerlane.com

Stephen R. Higgins, Esq.
shiggins@wsteele.com


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

NONE

                                                                   s/  David R. Osborne