## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00355-RPM-MEH

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend Loree McCormick-Rice,

Plaintiffs,

v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC. d/b/a KING SOOPERS, INC., a Kansas corporation, and
EARNEST SANDS,

Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 2 2007

**GREGORY C. LANGHAM**
CLERK

---

### ~~PROPOSED AMENDED~~ SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The Scheduling Conference in this matter was held before Judge Richard P. Matsch on August 27, 2007 in the Conference Room, Second Floor at the Byron White U.S. Courthouse, 18th and Stout Street, Denver, Colorado.

The following appeared as counsel on behalf of the parties:

David A. Lane. Esq. (Appearing by telephone)
Elisabeth Hunt White, Esq.
KILLMER, LANE, & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
*Counsel for Plaintiff*

Peter R. Morales
Aurora City Attorney's Office
15151 E Alameda Pkwy., Suite 5300
Aurora, CO 80012
*Counsel for Defendant Charles Deshazer in his "official capacity"*

David R. Osborne
Hamilton & Faatz, PC
1600 Broadway, Suite 500
Denver, CO 80202
*Counsel for Defendant Charles Deshazer in his "individual capacity"*

Stephen Higgins
Jonathan Streelman
White & Steele, PC
950 17th Street, Suite 2100
Denver, CO 80202
#303-824-4402
shiggins@wsteele.com
jstreelman@wsteele.com
*Counsel for Defendants Dillon Companies, Inc. d/b/a King Soopers, Inc. and* Earnest Sands

## 2. JURISDICTION & VENUE

1. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 2201. Jurisdiction supporting Plaintiffs' claims for attorney fees is conferred by 42 U.S.C. § 1988. Jurisdiction for Plaintiffs' supplemental state law claims is conferred by 28 U.S.C. § 1367.

2. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the state of Colorado, and all of the parties are residents of the state.

## 3. STATEMENT OF CLAIMS AND DEFENSES

   a.   *Plaintiff:*

This is an action for damages against Aurora police officer Charles Deshazer, King Soopers security guard Earnest Sands, and King Soopers for an assault committed

against Plaintiff on June 17, 2006. Plaintiffs allege that Defendant Deshazer violated their First and Fourth Amendment rights when, knowingly and with deliberate indifference to their constitutional rights, unlawfully seized and applied grossly excessive force against them, at least in part as retaliation for Plaintiffs' exercise of their First Amendment rights. Security guard Sands, an agent of King Soopers, participated in the unlawful seizures and pushed and kicked Plaintiff Cassidy Rice, who was only twelve years old at the time. Defendant Deshazer's conduct under color of state law proximately caused the deprivation of Plaintiffs' federally protected rights. Defendant Sands' conduct occurred during the course and scope of his employment as a security guard for King Soopers. Defendants' conduct, done willfully and wantonly, gives rise to Plaintiffs' constitutional and supplemental and pendant state claims.

On June 17, 2006, Plaintiff Loree McCormick-Rice, a fifty-one-year-old African-American woman, was loading groceries into her vehicle at King Soopers in Aurora. With her was her daughter and Plaintiff Cassidy Rice, who was twelve-years-old at that time. McCormick-Rice was lawfully parked in a handicapped zone as she has a hang-tag based upon her severe disability (asthma) which requires that she frequently be on oxygen.

At that time, Aurora police officer Deshazer was apparently working in the parking lot. Deshazer approached the McCormick-Rice's vehicle and gruffly questioned her about the location of her handicapped parking permit. McCormick-Rice responded that the permit was hanging off of the mirror, where it should be. After Deshazer looked again and saw the permit, he moved down the row to the next car. At that time, a white woman was loading her groceries and was parked unlawfully in a handicapped spot.

Deshazer not only did not ticket her, he never looked for her non-existent hang tag. As he continued on his way, the unidentified white woman commented to McCormick-Rice that it was "amazing" that McCormick-Rice got hassled about her hang tag, while she, as a white woman, was ignored although parked illegally. McCormick-Rice responded to the effect that some things will never change. At that point, Deshazer muttered in a voice loud enough for McCormick-Rice, her daughter Cassidy, and the white woman to hear the epithet "fucking niggers." McCormick-Rice and Cassidy obtained the phone number for the white woman, and went into King Soopers to protest the fact that King Soopers had a guard on their payroll who had just called them "fucking niggers." Being quite upset, McCormick-Rice and Cassidy spoke to management at King Soopers. However, it became evident that they would not get any relief and they left the store.

As Plaintiffs exited the King Soopers and began to drive away, Deshazer was in his vehicle and cursed at them. In response, McCormick-Rice cursed back, and Deshazer followed them in his vehicle. When McCormick-Rice and her daughter reached the far, dark end of the parking lot, Deshazer activated his overhead lights in an effort to pull them over. McCormick-Rice, realizing that it was Deshazer, told him that she was not about to stop in such an isolated spot and would pull over back in the front of the well-lit King Soopers. McCormick-Rice began to turn around when Deshazer cut her off. At that point, Cassidy jumped out of the car to run for help. Deshazer got out of his car and yelled at the young girl to get back in the car.

Deshazer ran to Cassidy and jerked her arm so hard that he broke her collar bone. Deshazer then began to choke Cassidy, while McCormick-Rice screamed for help. At some point several other officers appeared on the scene, as did Defendant Sands.

Deshazer and the officers continued to manhandle both McCormick-Rice and Cassidy. Defendant Sands also kicked Cassidy. Ultimately, Cassidy was taken into custody and McCormick-Rice was released from the scene.

Both McCormick-Rice and Cassidy were charged with resisting arrest and failing to obey an order. Both entered pleas on not guilty. Cassidy, upon her release from custody, was taken to Children's Hospital, where she learned that she had suffered a fractured shoulder as a result of Defendants' conduct. All charges against Loree McCormick-Rice and Cassidy were dismissed upon motion of the Aurora City Attorney on November 27, 2006.

Loree and Cassidy McCormick-Rice assert five claims for relief against Defendants: 1.) Excessive Force in violation of 42 U.S.C. § 1983 Fourth Amendment (Against Defendants Deshazer and Sands); 2.) Unlawful Seizure in violation of 42 U.S.C. § 1983 Fourth Amendment Violation (Against Defendants Deshazer and Sands); 3.) Retaliation For Free Speech in violation of 42 U.S.C. § 1983 First Amendment Violation (Against Defendant Deshazer); 4.) 42 U.S.C. § 1983 Conspiracy in violation of the First and Fourth Amendment (Against all Defendants); 5.) Common Law Battery (Against Defendants Dillon Companies and Sands).

  b. *Defendant Charles DeShazer*:

Defendant Charles DeShazer denies the allegations asserted by Plaintiffs as it pertains to their actions for 42 U.S.C. Section 1983 Fourth Amendment violations for excessive force and unlawful seizure, 42 U.S.C. Section 1983 First Amendment violation for retaliation for free speech and 42 U.S.C. Section 1983 Conspiracy for First and Fourth Amendment violations. Defendant DeShazer acted appropriately in all instances alleged

in Plaintiffs' Complaint. Any conduct by Defendant DeShazer was reasonable and appropriate given Plaintiffs' conduct.

Defendant DeShazer has asserted the following affirmative defenses in this case:

Failure to state a valid claim or cause of action;

Failure to mitigate;

Injuries and damages were caused by negligence or acts or omissions of a third party; Injuries and damages were the result of Plaintiff's own negligent or unlawful conduct;

Defendant is entitled to absolute and qualified immunity;

Defendant is entitled to public official immunity;

Defendant is immune under C.R.S. §§19-3-304 and 19-3-309;

Defendant was exercising his public duty pursuant to C.R.S. § 18-1-701;

Respondeat superior;

Failure to allege an unconstitutional custom or policy;

Plaintiffs cannot recover exemplary damages against Defendant in his official capacity; Plaintiffs assumed the risk of injury or damages claimed;

Plaintiffs' claims are barred or limited on the basis of self-defense;

Plaintiffs' claims are subject to reduction under doctrine of set-off;

Plaintiffs' claim for punitive or exemplary damages violates Excessive Fines clause of the Eight Amendment to the U.S. Constitution, the Due Process Clause and

the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and the Double Jeopardy clause of the Fifth Amendment to the U.S. Constitution;

Defendant had privilege to arrest without a warrant and had probable cause to do so;

Defendant was privileged to use reasonable and appropriate physical force to effect an arrest;

Defendant reserves the right to assert any and all defenses under state statute and state common law, including, but not limited to C.R.S. §24-10-101, *et seq.*; C.R.S. §13-21-102.5; C.R.S. § 13-21-111.6; C.R.S. § 13-21-102; and concepts of comparative or apportionment of fault;

Defendant may be entitled to attorney fees as a result of the groundless, frivolous, and vexatious nature of Plaintiffs' claims, pursuant to C.R.S. § 13-17-101, *et seq.*, 42 U.S.C. 1988(b), and F.R.C.P. Rule 11.

   c.   *Counterclaimant Ernie Sands*

Defendant/Counterclaimant, Ernie Sands ("Sands"), has filed a counterclaim against Plaintiff, Loree McCormick-Rice ("Rice"), for defamation *per se*. Since the alleged incident at King Soopers, Rice has continued to issue malicious, intentional and false defamatory statements, both in writing and verbally, directed against an innocent security guard that was employed by Dillon Companies, Inc, d/b/a King Soopers. These defamatory statement include unfounded false allegations that Sands is a racist; that he assaulted and beat Rice and her daughter; that he has conducted himself in this manner in the past, and; that he conspired with Charles DeShazer to commit unlawful acts against Rice even though he had never previously known DeShazer.

Although the allegations are false, Rice continues her conduct of attempting to retaliate and cause Sands damages including termination from employment. Rice continues to publish oral and written defamatory statements to third parties about Sands through her attorney, through local news organizations, the internet, through her personal boycotts of Mr. Sand's place of employment, through fliers delivered to the public, and in open court prior to filing her lawsuit. The statements are and were malicious, reckless, defamatory, and concern and are directed to Sands in an attempt to retaliate against him. These statements have caused Sands damages, including, but not limited to, impairment of his reputation, personal humiliation, mental anguish and suffering, physical suffering, loss of income, and potential future loss of income.

  d. *Defendants Sands and Dillon Companies, Inc., d/b/a King Soopers*

Defendants, Sands and Dillon Companies, Inc., d/b/a King Soopers, deny all allegations concerning Plaintiffs' claims for excessive force under 42 U.S.C. § 1983 and the Fourth Amendment; unlawful seizure under 42 U.S.C. § 1983 and the Fourth Amendment; retaliation for free speech under 42 U.S.C. § 1983 and the First Amendment; conspiracy under 42 U.S.C. § 1983, the First Amendment, and the Fourth Amendment; common law battery, and; any other claims made by Plaintiff. Defendants assert the following affirmative defenses:

Plaintiffs have failed to join one of more necessary and indispensable parties;

Plaintiffs' claims are barred or reduced by their own actions;

Defendants acted in good faith and complied with all laws, ordinances, policies, practices, and procedures;

Defendants were not acting under color of law. *Polk County v. Dotson*, 454 U.S.

312, 314 (U.S. 1981);

Plaintiffs' claims are barred by the Eleventh Amendment to the United State Constitution;

Defendants are entitled to qualified protection and immunity for all of their actions, including immunity under the Colorado Governmental Immunity Act. C.R.S. § 24-10-106, *et. seq.*;

Plaintiffs' claims are barred or reduced by Plaintiffs' failure to mitigate their damages;

Plaintiffs' claims are frivolous and groundless entitling Defendants to an award of attorney fees pursuant to 42 U.S.C. § 1988, § 1927, C.R.S. § 13-17-201, and Rule 11.

Defendants are entitled to attorney fees and immunity from civil liability pursuant to C.R.S. §§ 16-3-202 and 203.

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## 4. UNDISPUTED FACTS

a.  At all pertinent times mentioned herein, Plaintiff Loree McCormick-Rice was a citizen of the United States of America and a resident of Aurora, Colorado.

b.  At all pertinent times mentioned herein, Plaintiff Cassidy Rice was a citizen of the United States and a resident of Aurora, Colorado. Cassidy Rice is the daughter of Plaintiff Loree McCormick-Rice.

c.  At all pertinent times mentioned herein, Defendant Sands was employed by King Soopers as a security guard.

d.  At all pertinent times mentioned herein, Defendant Dillon Companies, Inc., d/b/a King Soopers, was a Kansas corporation doing business in the state of

Colorado.

e.  Plaintiffs have filed this action for damages against Aurora City Police Officer Charles DeShazer, King Soopers security guard Earnest Sands, and King Soopers.

f.  Defendant DeShazer was employed as a law enforcement officer for the city of Aurora and was acting under color and authority of state law, and in his official capacity as an Aurora police officer.

g.  On June 17, 2006, Plaintiff Loree McCormick-Rice, a fifty-one-year-old African-American woman was loading groceries in to her vehicle at King Soopers in Aurora. With her was her daughter and Plaintiff Cassidy Rice, who was twelve-years-old at that time.

h.  McCormick-Rice responded to Officer DeShazer that the permit was hanging off of the mirror, where it should be. After Officer DeShazer looked again and saw the permit, he moved down the row to the next car.

i.  Both McCormick-Rice and Cassidy were charged with resisting arrest and failing to obey an order. Both entered pleas of not guilty.

j.  All charges against Loree McCormick and Cassidy were dismissed upon motion of the Aurora City Attorney on November 27, 2006.

k.  At all times relevant to the allegations set forth in the complaint, Officer DeShazer acted under color of state law.

## 5. COMPUTATION OF DAMAGES

*a. Plaintiff:*

Plaintiff claims appropriate declaratory and other injunctive and/or equitable

relief, as well as compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial. Furthermore, Plaintiff claims all economic losses on all claims allowed by law; punitive damages on all claims against those defendants allowed by law and in an amount to be determined at trial; attorneys fees and the costs of this action, including expert witness fees, on all claims allowed by law; pre- and post-judgment interest at the lawful rate and any further relief that this court deems just and proper, and any other relief as allowed by law. A more detailed description of the Plaintiffs' damages will be provided to the Defendants in the normal course of discovery.

    *b.*    *Defendant Charles DeShazer:*

Defendant DeShazer asserts no damages in this action except for his reasonable expenses, including attorney fees, pursuant to C.R.S. § 13-17-101, *et seq.*, 42 U.S.C. 1988(b), and F.R.C.P. Rule 11.

    *c.*    *Counterclaimant Sands*

Sands has brought a counterclaim against Plaintiff for defamation *per se* in an amount to be determined at trial, for injuries including, but not limited to, impairment of his reputation, personal humiliation, mental anguish and suffering, physical suffering, loss of income, and potential future loss of income. Damages sought include all economic losses, non-economic losses, punitive damages, attorney fees and costs allowed by the law.

    *d.*    *Defendants Sands and Dillon Companies, Inc., d/b/a King Soopers*

Defendants assert no damages in this action, except for those discussed above and

for reasonable expenses, including attorney fees, pursuant to C.R.S. § 13-17-101, *et seq.*, 42 U.S.C. 1988(b) and § 1927, and F.R.C.P. Rule 11.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The parties conducted a meeting pursuant to Fed. R. Civ. P. 26(f) on July 3, 2007.

b. Participants in the meeting were as follows:

(1) Elisabeth Hunt White *(Counsel for Plaintiff)*

(2) Peter R. Morales *(Counsel for Defendant Charles Deshazer in his "official capacity")*

(3) David R. Osborne *(Counsel for Defendant Charles Deshazer in his "individual capacity")*

(4) John Streelman *(Counsel for Defendant Dillon Companies, Inc. d/b/a King Soopers, Inc. and* Earnest Sands*)*

c. 26(a)(1) disclosure will be exchanged on or before September 30, 2007.

d. Defendant Deshazer's counsel needs an extra week, to September 30, 2007, in which to exchange Rule 26(a)(1) disclosures. Counsel's assistant who was handling these disclosures has had a death in her immediate family, and has been out of the office. In addition, counsel for Deshazer is planning to file a motion for a protective order with respect to some materials. Given these circumstances, as well as the difficulty posed by vacation schedules, defendant Deshazer seeks, and the plaintiffs do not object to, an additional week within which to complete the disclosures.

e. All parties agree to send and receive all discovery in electronic form and agree that all discovery requests will be in electronic form.

### 7. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings: **October 24, 2007.**

b.  Discovery Cut-off: **March 4, 2008.**

c.  Dispositive Motion Deadline: **April 4, 2008.**

d.  Expert Witness Disclosure: **January 5, 2008.**

   (1) (A) Plaintiff:

   Anticipated field(s) of expert testimony: Plaintiffs may call experts in the following fields: **None.**

   (B) The Defendants anticipate they may call experts in the following fields:

   (2) Parties agree to limit the number of experts to four per side.

   (3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **January 5, 2008.**

   (4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 5, 2008.**

   (5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Loree McCormick-Rice | TBA | TBA | |
| Cassidy Rice | TBA | TBA | |
| Charles Deshazer | TBA | TBA | 5 Hours |
| King Soopers, Inc. 36(b) | TBA | TBA | 5 Hours |
| Earnest Sands | TBA | TBA | 5 Hours |

\* The parties reserve the right to take additional depositions of persons identified in the parties' disclosures and through the course of discovery.

f. Interrogatory Schedule:

All interrogatories must be mailed no later than **February 2, 2008**, so that they may be responded to by the discovery cut-off date.

g. Schedule for Request for Production of Documents: All requests for production of documents must be mailed no later than **February 2, 2008**, so that they may be responded to by the discovery cut-off date.

h. Discovery Limitations:

(1) The parties shall be limited to each party plus ten (10) depositions per side, excluding expert witnesses.

(2) A deposition is limited to one day of seven hours as provided in Fed. R. Civ. P. 30(d)(2).

(3) Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules. The parties each may take ten (10) fact depositions per side in addition to each party and expert witnesses.

Each side may serve 25 interrogatories on the opposing party, including all discrete subparts.

(4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions. Each side may serve a total of 25 requests for production of documents and a total of 25 requests for admissions.

(5) Other Planning or Discovery Orders

(a) Defendants propose that all requests for admissions shall be served no later than **February 2, 2008.**

(b) All parties agree to send and receive all discovery in electronic form and agree that all discovery requests will be in electronic form.

## 8. SETTLEMENT

The parties anticipate that settlement discussions would be appropriate after Defendants have deposed the plaintiffs and parties have conducted discovery in the case.

## 9. OTHER SCHEDULING ISSUES

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury. Five days. Trial by Jury.

## 10. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 12th day of September 2007.

BY THE COURT:

*[signature]*

Judge Richard P. Matsch
United States Judge

APPROVED:

_____
David A. Lane, Esq.
Elisabeth Hunt White, Esq.
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone (303) 571-1000
*Counsel for Plaintiff*


_____
Peter R. Morales
Aurora City Attorney's Office
15151 E Alameda Pkwy., Suite 5300
Aurora, CO 80012
pmorales@auroragov.org
*Counsel for Defendant Charles Deshazer in his "official capacity"*


_____
David R. Osborne
Hamilton & Faatz, PC
1600 Broadway, Suite 500
Denver, CO 80202
drosborne@handf.com; tmoore@handf.com
*Counsel for Defendant Charles Deshazer in his "individual capacity"*


_____
Stephen Higgins
White & Steele, PC
950 17th Street, Suite 2100
Denver, CO 80202
#303-824-4402
shiggins@wsteele.com
jstreelman@wsteele.com
*Counsel for Defendants Dillon Companies, Inc.. d/b/a King Soopers, Inc. and* Earnest Sands