UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00355-RPM-MEH

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend Loree McCormick-Rice,

        Plaintiffs,

v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC., d/b/a KING SOOPERS, INC.,
a Kansas corporation, and ERNIE SANDS,

        Defendants.

---

## DEFENDANTS DILLON COMPANIES, INC. AND ERNIE SANDS' MOTION FOR SUMMARY JUDGMENT

---

COMES NOW the Defendants, Dillon Companies, Inc. d/b/a King Soopers, Inc. ("King Soopers") and Ernie Sands ("Mr. Sands"), by and through their attorneys, White and Steele, P.C., by Stephen R. Higgins, Esq., and James M. Meseck, Esq., and hereby respectfully move pursuant to Fed.R.Civ.P. 56 for an Order granting summary judgment in favor of King Soopers and Mr. Sands and against Plaintiffs on their 42. U.S.C. § 1983 claims and common law battery claim.

As set forth in the Memorandum Brief in Support of Defendants Dillon Companies, Inc. and Ernie Sands' Motion for Summary Judgment, the Defendants are entitled to summary judgment on the four claims asserted against them by the Plaintiffs. Plaintiffs' First Claim for Relief is premised on 42 U.S.C. § 1983 Fourth Amendment Violation – Excessive Force and is

against Mr. Sands. Plaintiffs' Second Claim for Relief is premised on 42 U.S.C. § 1983 Fourth Amendment Violation – Unlawful Seizure and is against Mr. Sands. Plaintiffs' Fourth Claim for Relief is premised on 42 U.S.C. § 1983 Fourth Amendment Conspiracy – First and Fourth Amendment Violations and is against Mr. Sands and King Soopers. Plaintiffs' Fifth Claim for Relief for Common Law Battery is against Mr. Sands. Defendant King Soopers also seeks summary judgment for any vicarious liability claims asserted by the Plaintiffs based upon the theory of *respondeat superior*.

Defendants King Soopers and Mr. Sands are entitled to summary judgment on Plaintiffs' § 1983 claims because there is no genuine issue of material fact. Mr. Sands is also entitled to qualified immunity under § 1983 and common law claims due to his good faith reliance on the lawful orders of Officer Deshazer per **Marshall v. Columbia LEA Reg. Hospital**, 345 F.3d 1157 (10th Cir. 2003). Mr. Sands is also entitled to statutory immunity per C.R.S. § 16-3-202. At the very least, there is no factual basis for the claims of Ms. McCormick-Rice against Mr. Sands because he did not touch, restrain, arrest, detain or search Plaintiff.

Plaintiffs have also failed to plead sufficient facts to support a conspiracy claim. There is no evidence of an actual or implied agreement by the Defendants to deprive the Plaintiffs of their constitutional rights or to target them for their race. It is undisputed that neither Mr. Sands nor any other King Soopers employee used racial slurs or epithets directed at the Plaintiffs. Plaintiffs offer only the slimmest of conclusory allegations with no supporting facts.

King Soopers, furthermore, is entitled to summary judgment because it cannot be held vicariously liable under § 1983 for the acts of Mr. Sands or any other King Soopers employee

per *Smedley v. Corrections Corporation of America*, 175 Fed. Appx. 943 (10th Cir. 2005) and *Dubbs v. Headstart, Inc.*, 336 F.3d 1194 (10th Cir. 2003).

Similarly, King Soopers cannot be held vicariously liable for the alleged tortious conduct of Defendant Aurora Police Officer Charles Deshazer. King Soopers had no employment relationship with Defendant Deshazer.

Mr. Sands and King Soopers, to the extent Plaintiffs seek to hold King Soopers responsible, are not liable on the common law claim for battery because Ms. Rice cannot affirmatively establish the identity of the person who kicked her.

Defendants are contemporaneously filing a Memorandum Brief in Support of Defendants Dillon Companies, Inc. and Ernie Sands' Motion for Summary Judgment.

Respectfully submitted this 4th day of April, 2008.

s/James M. Meseck
Stephen R. Higgins
James M. Meseck
WHITE AND STEELE, P.C.
950 17th Street, Suite 2100
Denver, Colorado 80202
(303) 296-2828
Fax: (303) 296-3131
jmeseck@wsteele.com
*Attorneys for Defendants*
*Dillon Companies, Inc. and*
*Ernie Sands*

3

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of April 2008, a true and correct copy of **DEFENDANTS DILLON COMPANIES, INC. AND ERNIE SANDS' MOTION FOR SUMMARY JUDGMENT** was electronically filed via CM/ECF, sending notification of such filing to the following:

Peter Ruben Morales
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012

David Arthur Lane
Qusair Mohamedbhai
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202

David R. Osborne
Hamilton & Faatz, P.C.
1600 Broadway, Suite 500
Denver, Colorado 80202

By: s/James M. Meseck

4