UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00355-RPM-MEH

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend Loree McCormick-Rice,

      Plaintiffs,

v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC., d/b/a KING SOOPERS, INC.,
a Kansas corporation, and ERNIE SANDS,

      Defendants.

---

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS DILLON COMPANIES, INC. AND ERNIE SANDS' MOTION FOR SUMMARY JUDGMENT**

---

COMES NOW the Defendants, Dillon Companies, Inc. d/b/a King Soopers, Inc. ("King Soopers") and Ernie Sands ("Mr. Sands"), by and through their attorneys, White and Steele, P.C., by Stephen R. Higgins, Esq., and James M. Meseck, Esq., and respectfully submit their Memorandum Brief in Support of their Motion for Summary Judgment per Fed.R.Civ.P. 56. As grounds for said motion, Defendants show the Court as follows:

### I. INTRODUCTION

Plaintiffs Loree McCormick-Rice and Cassidy Rice bring claims against the Defendants based on 42 U.S.C. § 1983 and common law battery arising from an incident with an Aurora, Colorado police officer in a King Soopers' parking lot. Defendants Sands and King Soopers seek summary judgment on all claims made against them. There is no factual basis for the

claims of Ms. McCormick-Rice against Mr. Sands because he did not touch, restrain, arrest, detain or search her. Mr. Sands is also entitled to qualified immunity on the § 1983 claims due to his good faith reliance on the lawful orders of Officer Deshazer. Mr. Sands is further entitled to statutory immunity provided by C.R.S. § 16-3-202 for following the order of an arresting police officer. Furthermore, Plaintiffs fail to plead sufficient facts to support a conspiracy claim. There is no evidence of an actual or implied agreement by the Defendants to deprive the Plaintiff's of their constitutional rights. It is undisputed that neither Mr. Sands nor any other King Soopers' employee used racial slurs or epithets directed at the Plaintiffs. Plaintiffs only offer the slimmest of conclusory allegations with no supporting facts. Additionally, King Soopers cannot be held vicariously liable under § 1983 for the acts of Mr. Sands. Similarly, King Soopers cannot be held vicariously liable for the torts of Officer Deshazer because it had no employment relationship with him. Finally, the undisputed material facts do not support a common law claim for battery against Mr. Sands because Ms. Rice cannot affirmatively establish the identity of the person who kicked her. Thus, Mr. Sands and King Soopers are entitled to summary judgment on all of the Plaintiff's claims against them.

## II. FACTS

For the purposes of this Motion only, the following set of facts is undisputed and is material to this Motion:

1.   Mr. Sands is a defendant in this action. At the time of the underlying events, Mr. Sands was employed as a security guard by Defendant King Soopers. *Complaint*, ¶¶ 1, 7; attached as **EXHIBIT A**.

2

2. At all relevant times herein, King Soopers operated a grocery store at 15250 East Mississippi, Aurora, Colorado. *Complaint*, ¶ 8, **EXHIBIT A**; and *Depo. Deshazer*, p. 146, ll. 12-15, attached as **EXHIBIT B**.

3. The particular King Soopers grocery store is located in a high crime rate area. *Depo. Deshazer*, p. 147, ll. 2-3, **EXHIBIT B**.

4. Plaintiffs Loree McCormick-Rice ("Ms. McCormick-Rice") and her minor daughter, Cassidy Rice ("Ms. Rice"), are African-Americans. *Complaint*, ¶ 9, **EXHIBIT A**.

5. Officer Charles Deshazer ("Officer Deshazer") was a police officer employed by the City of Aurora, State of Colorado. *Complaint*, ¶¶ 6, 11, **EXHIBIT A**.

6. Officer Deshazer also was employed by Dunton Realty, the property manager, to provide security services for the parking lot where the underlying incident took place. Officer Deshazer was not employed by Defendant Dillon Companies, Inc. *Depo. Deshazer*, p. 147-148; **EXHIBIT B**.

7. The King Soopers' security guards did not know Officer Deshazer. Mr. Sands had never previously met, spoken with or interacted with Officer Deshazer up until the conclusion of the incident in the parking lot. *Affidavit of Ernest Sands*, ¶ 4; attached as **EXHIBIT C**.

8. Officer Deshazer did not submit reports or other documents to King Soopers and did not take any direction from anybody at King Soopers, including Mr. Sands or any other security guard. *Depo. Deshazer*, p. 148-151; **EXHIBIT B**.

3

9. At the time of the underlying incident with the plaintiffs, Officer Deshazer was dressed in his Aurora Police issued blue uniform. It was obvious he was a police officer and Ms. McCormick-Rice and Ms. Rice recognized Officer Deshazer as an Aurora police officer. *Depo. Deshazer*, p. 149, ll. 5-22, **EXHIBIT B**; *Hearing Transcript in People v. Loree Rice*, p. 17, ll. 1-6; attached as **EXHIBIT D**; and *Depo. Cassidy Rice*, p. 190, ll. 11-23; attached as **EXHIBIT E**.

10. Dunton Realty is the property management company that is responsible for the parking lot where the underlying incident took place.

11. On the evening of June 17, 2006, Ms. McCormick-Rice and Ms. Rice were in the parking lot used by King Soopers' grocery store customers in Aurora, Colorado when a dispute arose between Ms. McCormick-Rice and Office Deshazer. *Complaint*, ¶¶ 9-12, **EXHIBIT A**. The genesis of the dispute was over whether Ms. McCormick-Rice had a handicap parking permit because she was parked in a space reserved for handicap parking. The plaintiffs further contend that Officer Deshazer referred to them by allegedly using profanity and a racial slur.

12. Ms. McCormick-Rice complained to King Soopers' employees about the words and actions of Officer Deshazer. *Complaint*, ¶ 14, **EXHIBIT A**.

13. Neither Mr. Sands nor any other King Soopers' employee used any racial slurs or epithets directed at the Plaintiffs. *Depo. Cassidy Rice*, p. 190, ll. 5-10 & p. 194, ll. 10-14; **EXHIBIT E**; *Depo. McCormick-Rice*, p. 235, ll. 10-11; attached as **EXHIBIT F**; and *Affidavit of Ernest Sands*, ¶ 14; **EXHIBIT C**.

4

14. Eventually, Ms. McCormick-Rice proceeded to drive her vehicle toward an exit from the parking lot when she made a U-turn to come back into the lot. *Depo. Deshazer*, p. 69, ll. 18-23, **EXHIBIT B**.

15. Later, a physical confrontation ensued among Officer Deshazer and the two Plaintiffs in the parking lot after Office Deshazer activated the lights on his patrol vehicle and blocked the path of Ms. McCormick-Rice's vehicle. *Complaint*, ¶¶ 16, 18-19, **EXHIBIT A**; and *Depo. Deshazer*, p. 70, ll. 1-4, **EXHIBIT B**.

16. Mr. Sands learned of the confrontation from shoppers passing by who told him that a police officer may need help in the parking lot. Mr. Sands and another King Soopers' security guard approached the scene while Office Deshazer was struggling with Ms. Rice. *Affidavit of Ernest Sands*, ¶ 7, **EXHIBIT C**; and *Depo. Deshazer*, p. 70, ll. 1-4, **EXHIBIT B**.

17. Per his authority under C.R.S. § 16-3-202 to command the assistance of anyone to assist him with an arrest, Officer Deshazer requested help from the security officers when Mr. Sands asked if he needed help. Officer Deshazer determined assistance was necessary. Officer Deshazer directed Mr. Sands to keep Ms. McCormick-Rice away from him. *Depo. Deshazer*, p. 95, ll. 19-21, p. 152 ll. 14-17, p. 154 13-14, **EXHIBIT B**.

18. At no time did Officer Deshazer conspire with the Defendants or other King Soopers employees to racially charge someone with a crime. *Depo. Deshazer*, p. 153, ll. 3-14, **EXHIBIT B**.

19. Officer Deshazer never saw Mr. Sands make physical contact with Ms. McCormick-Rice or Ms. Rice and the video of the incident does not show Mr. Sands making physical contact with either Plaintiff. *Depo. Deshazer*, p. 96, ll. 8-10, p. 152, ll. 10-13, p. 154, ll. 10-12, p. 157-158, **EXHIBIT B**. In describing the events at the criminal hearing held in this matter, Ms. McCormick-Rice never testified that the security guards made physical contact with her. Ms. McCormick-Rice did testify that King Soopers' head clerk Russ Reddick kicked Ms. Rice while she was handcuffed. *Hearing Transcript in People v. Loree Rice*, p. 37, ll. 1-9, **EXHIBIT D**. However, the video of the incident does not show Mr. Reddick being present during the altercation in the parking lot and the *Complaint* does not allege that Mr. Reddick assaulted or battered the Plaintiffs. Ms. McCormick-Rice also admitted in her deposition that she was wrong about Mr. Reddick.

20. Ms. McCormick-Rice, likewise, did not see Mr. Sands strike, kick, touch or come into contact with Cassidy Rice. *Depo. McCormick-Rice*, p. 242, ll. 22-25, **EXHIBIT F**.

21. Cassidy Rice testified in her deposition that she was kicked by someone wearing light blue pants, but did not see the face of the person who kicked her. Ms. Rice assumed it was Mr. Sands because he was wearing a light blue security guard uniform. *Depo. Cassidy Rice*, p. 188-189, starting at l. 22, **EXHIBIT E**. Ms. Rice was not injured by the contact. *Depo. Cassidy Rice*, p. 187, ll. 22-24, **EXHIBIT E**.

22. After being separated from her daughter by Officer Deshazer, Ms. McCormick-Rice got back into her vehicle, laid down and made calls on her mobile cellular phone. Despite repeated orders to get out of the vehicle by Officer Deshazer, Ms. McCormick-Rice did not

6

comply and was physically pulled from the vehicle by Officer Deshazer on his own. *Depo. Deshazer*, p. 99-101, 118, ll. 16-25, **EXHIBIT B**.

23.   By this time, other on-duty Aurora Police Department officers arrived on the scene. *Complaint*, ¶ 18, **EXHIBIT A**.

24.   Officer Deshazer, on his own, decided to charge and arrest Ms. McCormick-Rice and Ms. Rice. *Depo. Deshazer*, p. 152, ll. 2-9, **EXHIBIT B**.

### III. RELIEF REQUESTED

Mr. Sands and King Soopers seek summary judgment on plaintiffs' First, Second, Fourth and Fifth Claims for Relief. Plaintiffs' First Claim for Relief is premised on 42 U.S.C. § 1983 Fourth Amendment Violation – Excessive Force and is brought against Mr. Sands. Plaintiffs' Second Claim for Relief, 42 U.S.C. § 1983 Fourth Amendment Violation – Unlawful Seizure, is asserted against Mr. Sands. Plaintiffs' Fourth Claim for Relief is against Mr. Sands and King Soopers based on 42 U.S.C. § 1983 Fourth Amendment Conspiracy – First and Fourth Amendment Violations. Plaintiffs Fifth Claim for Relief is against Mr. Sands and King Soopers for Common Law Battery. It would also appear that Plaintiffs seek to hold King Soopers vicariously liable for the acts of its employees, specifically Mr. Sands and possibly Officer Deshazer, under the theory of *respondeat superior*.

### IV. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

7

material fact and that the moving party is entitled to judgment as a matter of law.

A genuine issue of material fact exists only if "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249 (1986). A "material fact" exists only if there is a factual dispute that is outcome determinative under governing law. ***Id.*** at 248. The party seeking summary judgment has the initial burden of showing that no such issue of material fact exists; however, the moving party's initial burden is slight, and Rule 56 does not require the movant to negate the opponent's claim. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 327 (1986). Although the facts are viewed in a light most favorable to the party opposing the motion, the purpose of summary judgment is to save the time, expense and trouble of an unnecessary trial if the court finds there is no basis upon which the plaintiff could recover. ***Zampos v. U.S. Smelting, Refining & Mining Co.***, 206 F.2d 171 (10th Cir. 1953).

Once the moving party makes its initial showing it is then incumbent upon the non-moving party to come forward with evidence to show that there is a genuine issue of material fact. ***Celotex***, 477 U.S. at 324. The non-moving party may not rest upon the vague and amorphous argument that the record somewhere contains facts sufficient to support his claims. ***Childers v. Joseph***, 842 F.2d 689 (3rd. Cir. 1988). The plaintiff "must do more than whet the curiosity of the court; [he] must support vague accusations and surmise with concrete particulars." ***Frito Lay of Puerto Rico, Inc. v. Canas***, 92 F.R.D. 384, 392 (1982). Similarly, summary judgment may not be defeated on the "gossamer threads of whimsy, speculation and conjecture." ***Id.***

8

In the present case, there is no genuine issue of material fact requiring resort to trial on Plaintiffs' claims.

## V. ARGUMENT

### A.   *Mr. Sands is entitled to qualified immunity on all § 1983 claims.*

Section 1983 provides as follows:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any state or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purpose of this section, any Act of congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

Section 1983 itself does not establish a remedy for deprivation of rights secured by the Constitution and laws of the United States. ***Lugar v. Edmunson Oil Co.***, 457 U.S. 922, 924 (1982). Section 1983 does not make actionable all wrongs or convert all torts by governmental actors into constitutional claims. A plaintiff cannot merely claim a violation of § 1983 because "§ 1983 by itself does not protect anyone against anything." ***Chapman v. Houston Welfare Rights Org.***, 441 U.S. 600, 617 (1979). Section 1983 does, however, create a cause of action based on pre-existing federal constitutional and statutory rights. ***Albright v. Oliver***, 114 S.Ct. 807, 811 (1994).

9

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the State. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law. *Modern Federal Jury Instructions – Civil*, 87-69.

Where the relationship between a private individual and the state are sufficiently close so that the defendant could be construed as acting under color of state law, the private individual can be held liable under § 1983. *Modern Federal Jury Instruction – Civil*, 87-72. An otherwise private person acts "under color of state law" when he engages in a conspiracy with state officials to deprive another of federal rights. *Modern Federal Jury Instructions – Civil*, 87-73.

When a plaintiff may hold a private actor liable under § 1983 has been narrowly defined by the Tenth Circuit and its sister Courts of Appeal. In order to hold a private individual liable under § 1983, the plaintiff must show that the private person is jointly engaged with the state officials in the challenged action, or obtains significant aide from the state officials, or that the private individual's conduct is in some other way chargeable to the state. ***Lee v. Town of Estes Park***, 820 F.2d 1114 (10th Cir. 1987) (merely furnishing information to police officers who take action thereon does not constitute joint action under color of state law that renders a private actor liable under § 1983).

The defense of good faith reliance is also closely associated with the legal defense of qualified immunity. "Performing a search at the behest of the ostensibly legal order of a police officer is not unreasonable and hence not a violation of the Fourth Amendment." ***Marshall v. Columbia LEA Reg. Hospital***, 345 F.3d 1157, 1180 (10th Cir. 2003). When a private actor relies upon the orders or requests of a police officer, the private actor is entitled to qualified

10

immunity because such reliance is objectively reasonable. *Id.; see also* **Henig v Odorioso**, 385 F2d 491 (3rd Cir. 1967) ( Store employee who searches accused shoplifter on orders of police officers does not act under color of state law, since employee has done nothing more than obey police order as private citizen). Because the Supreme Court has long held that the touchstone of the Fourth Amendment is reasonableness, the rationale goes to the merits of the § 1983 claim, not just to the availability of the qualified immunity defense. *Id.*

There is a strong public policy for extending qualified immunity to individuals who act at the request or direction of police officers. **Marshall**, *supra*, 345 F.3d at 1179-80; and **Warner v. Grand County**, 57 F.3d 962, 964-65 (10th Cir. 1995). If police officers, trained in Fourth Amendment law and specifically charged to conduct their activities and performance within the Constitution, are entitled to rely on legal or factual determinations made by other officers, then those acting at the request or direction should be able to do the same. It would impose a greater constitutional duty on those who assist police officers than on law enforcement, an outcome having no basis in either logic or precedent. **Marshall**, 345 F.3d at 1180. Likewise, the Seventh Circuit has stated that the rendering of brief, *ad hoc* assistance to a public officer does not transform a bystander into a state actor, exposing him to liability under federal law and, by doing so, discouraging people from helping the police. **Proffitt v. Ridgway**, 279 F.3d 503, 508 (7th Cir. 2002). "To assist the police is a duty of citizenship; and the performance of a duty to someone does not turn the performer into that someone." *Id.* This public policy finds expression in Colorado's statutes at C.R.S. § 16-3-202.

It is also relevant to note, as far as Officer Deshazer's conduct was concerned, that a minor traffic violation is sufficient cause to justify an arrest. **Marshall**, *supra*, 345 F.3d 1157;

11

and *Atwater v. City of Lago Vista,* 532 U.S. 318 (2001). Furthermore, drivers are required to respond promptly when a police officer signals them to stop. Neither belief in innocence nor apprehensions regarding the police justify failure to obey a lawful order. *Marshall, supra,* 345 at 1166.

Defendant Sands relied in good faith on Officer Deshazer's authority as a police officer and is, therefore, entitled to qualified immunity. Mr. Sands had no reason to doubt or dispute the authority of Officer Deshazer to arrest and search the Plaintiffs. Officer Deshazer was dressed in his official blue police uniform. Officer Deshazer initiated the arrest at the other end of the parking lot. The arrest of and struggle with Ms. Rice was already in progress by the time Mr. Sands arrived on the scene. Mr. Sands did not see and could not have seen what triggered Officer Deshazer to take the action he did. Mr. Sands was not aware of and was not told before hand the entire history of the exchange between Officer Deshazer and Ms. McCormick-Rice. Mr. Sands relied entirely upon Officer Deshazer's judgment and instructions. Mr. Sands was merely doing what he perceived to be his civic duty in assisting Officer Deshazer. Therefore, Mr. Sands is entitled to summary judgment on the Plaintiffs' First, Second, and Fourth Claims for Relief as a matter of law due to his good faith reliance upon the orders of Officer Deshazer.

**B.     At the very least, Mr. Sands and King Soopers are entitled to summary judgment on all of Loree McCormick-Rice's claims because Mr. Sands did not arrest, detain, search, or touch Ms. McCormick-Rice and never used any racial slurs.**

There is no factual basis for Ms. McCormick-Rice to bring a § 1983 claim against Mr. Sands or King Soopers. Ms. McCormick testified in her deposition that Mr. Sands never touched her. *Depo. McCormick-Rice,* p. 235, ll. 21-22 & p. 245, ll. 16-25, **EXHIBIT F**. Ms. McCormick-Rice also unequivocally testified that Mr. Sands did not arrest her. *Depo.*

12

*McCormick-Rice*, p. 272-273, starting at l. 25, **EXHIBIT F**. It is also undisputed that Mr. Sands did not use any racial epithets nor did any other King Soopers' employee. *Depo. Cassidy Rice*, p. 190, ll. 5-10, & p. 194, ll. 10-14, **EXHIBIT E**. There is absolutely no evidence that Mr. Sands or any other King Soopers' employee searched Ms. McCormick-Rice. Ms. McCormick-Rice can produce no evidence that Mr. Sands or any King Soopers' employee retaliated against her personally because of her race or speech. Mr. Sands used no force, let alone, excessive force as to Ms. McCormick-Rice. Mr. Sands never seized Ms. McCormick-Rice. Hence, Mr. Sands and King Soopers are entitled to summary judgment on <u>all</u> of the claims, both the § 1983 based and common law battery claims, made against them by Plaintiff Loree McCormick-Rice.

### C. *Plaintiffs fail to plead sufficient facts to support a conspiracy claim against Mr. Sands and King Soopers.*

Under Colorado state law, in order for the plaintiff to state a claim for civil conspiracy, she must allege the following:

1. An object to be accomplished;

2. An agreement by two or more persons on a course of action to accomplish that object;

3. In furtherance of that course of action one or more unlawful acts which were performed to accomplish a lawful or unlawful goal, or one or more lawful acts which were performed to accomplish an unlawful goal; and

4. Damages to the plaintiff as a proximate result.

***Siverding v. Colorado Bar Assn.***, 2003 U.S. Dist. LEXIS 18469 (D.Colo. 2003) (attached as **EXHIBIT G**). Normally, persons or parties may not be held liable for doing in a proper manner that which they had a lawful right to do. *Id.* Mere agreement to do something that happens to

13

aide in the commission or a tort, without more, does not constitute civil conspiracy. In order to successfully plead a civil conspiracy, plaintiff must allege facts that show that each defendant agreed to do something in furtherance of the conspiracy, knowing of its improper purpose. *Id.* Moreover, the mere exchange of information between the police and an actor cannot form the basis of a conspiracy charge. ***Bemis v. Kelley***, 671 F. Supp. 837 (D. Mass. 1987) (being merely present during the alleged unlawful act does not render a private actor liable under § 1983).

"When a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are not sufficient. Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." ***Beedle v. Wilson***, 422 F.3d 1059, 1073 (10th Cir. 2005) (citations omitted).

There was no express or implied agreement between or among Officer Deshazer and Mr. Sands or other King Soopers' employees. Mr. Sands was given a lawful request for assistance by Officer Deshazer. Mr. Sands followed that order in a reasonable manner. Officer Deshazer made the decision to arrest and charge the Plaintiffs on his own. Officer Deshazer did not rely upon or substitute the judgment of the King Soopers employees for that of his own. Mr. Sands and the other King Soopers' employees did not attempt to assert their own judgment or take control over the situation.

The Plaintiffs must offer something more than their conclusory allegations that Mr. Sands and King Soopers conspired with Officer Deshazer. Simply being present during the arrest and search of the Plaintiffs by Office Deshazer does not establish a conspiracy. The Plaintiffs must

14

offer substantive evidence of an actual agreement and action taken by Mr. Sands or another King Soopers' employee to further the objective of the agreement.

There is no evidence of a pre-existing agreement between King Soopers and Dunton Realty pursuant to which the off-duty police employed by Dunton Realty simply carry out the directions of King Soopers' employees. Nor is there evidence that Officer Deshazer allowed King Soopers' security guards to substitute their judgment for his. Rather, the evidence is to the contrary. Officer Deshazer testified that King Soopers' security force had no authority to order or direct his activities. Officer Deshazer testified that he made the independent decisions to arrest plaintiff. Hence, it is appropriate to grant summary judgment in favor of Mr. Sands and King Soopers on the conspiracy claim.

### D. *King Soopers cannot be vicariously liable under § 1983.*

Plaintiffs' Complaint implies that King Soopers is vicariously liable under a theory of *respondeat superior* for the § 1983 claims against Mr. Sands and, possibly, even Officer Deshazer. However, the Tenth Circuit, along with many of its sister circuits, has rejected vicarious liability in a § 1983 case against private actors. ***Smedley v. Corrections Corporation of America,*** 175 Fed. Appx. 943 (10th Cir. 2005); *see also* ***Dubbs v. Head Start, Inc.,*** 336 F.3d 1194, 1216 (10th Cir. 2003). "It is now well settled that ***Monell*** [***v. New York City Dep't of Social Services***, 436 U.S. 658 (1978)] also extends to private defendants sued under 42 U.S.C. § 1983. As such, a private actor cannot be held liable solely because it employs a tortfeasor – or, in other words, cannot be held liable under § 1983 on a *respondeat superior* theory. Therefore, in order to hold a private actor liable for alleged tortious acts of its agents, a plaintiff must show

15

that it directly caused the constitutional violation by instituting an official policy of some nature, that was the direct cause or moving force behind the constitutional violations". *Id.* at 946.

Plaintiffs cannot rely on a *respondeat superior* theory to hold King Soopers liable for the § 1983 claims. Plaintiffs in their § 1983 claims have not alleged facts indicating that King Soopers had a policy that was contrary too and violated the Plaintiffs' civil rights. Plaintiffs also do not allege that any King Soopers policy caused their injuries. Furthermore, Plaintiffs have no evidence that their injuries resulted from the execution of a King Soopers' policy or custom. Plaintiffs' *Complaint* against King Soopers relies solely on a *respondeat superior* theory that King Soopers is liable for the acts of Mr. Sands, other unidentified King Soopers' employees or Officer Deshazer. Accordingly, any of Plaintiffs' § 1983 claims wherein they seek to hold King Soopers liable for the acts of their employees should be dismissed as a matter of law.

### E. *There is no basis to hold Mr. Sands liable on the common law battery claim.*

An actor is subject to liability to another for battery if:

1. The defendant's act resulted in physical contact with the plaintiff;

2. The defendant intended to make harmful or offensive physical contact with the plaintiff; and

3. The contact was harmful or offensive.

CJI-Civ. 20:5 (CLE ed. 2004). However, an act which is not done with the necessary intent does not make the defendant liable to the plaintiff for a mere offensive contact with the plaintiff although the act involves an unreasonable risk of inflicting it and, therefore, would be negligent or reckless if the risk threatened bodily harm. *White v. Muniz*, 999 P.2d 814, 816 (Colo. 2000); (*quoting and citing* Restatement (Second) of Torts § 18 (1965); and *Hall v. McBryde*, 919 P.2d

16

910, 913-14 (Colo. App. 1996)). "Nothing in Colorado law or the Restatement appears to contemplate expanding the scope of the torts of battery and assault to include liability for persons who fail to intercede to prevent or discontinue an offensive contact being caused by another." ***Witt v. Condos. at the Boulders Ass'n***, 2007 U.S. Dist. LEXIS 19238, 18-19 (D. Colo. 2007) (*quoting* Restatement (Second), Torts, § 14, comment c) (attached as **EXHIBIT H**).

The Colorado Legislature has also seen fit to provide civil protections to those who assist a peace officer and to encourage assistance. C.R.S. § 16-3-202 provides as follows:

1. A peace officer making an arrest may command the assistance of any person who is in the vicinity.

2. A person commanded to assist a peace officer has the same authority to arrest as the officer who commands his assistance.

3. A person commanded to assist a peace officer in making an arrest shall not be civilly or criminally liable for any reasonable conduct in aid of the officer or for any acts expressly directed by the officer.

More importantly, it is a criminal offense for anyone to ignore a direct request from a peace officer to assist with an arrest. "A person, eighteen years of age or older, commits a class 1 petty offense when, upon command by a person known to him to be a peace officer, he unreasonably refuses or fails to aid the peace officer in effecting or securing an arrest or preventing the commission by another of any offense." C.R.S. § 18-8-107.

The video of the incident does not show Mr. Sands striking either Plaintiff. Officer Deshazer never observed Mr. Sands striking the Plaintiffs. Ms. McCormick-Rice testified that she never saw Mr. Sands or any other King Soopers employee come into physical contact with her or her daughter. Mr. Sand did not physically restrain Ms. McCormick-Rice as she was freely

able to get back into her vehicle and contact people on her cell phone. Officer Deshazer was the one who removed Ms. McCormick-Rick from her vehicle without the assistance of Mr. Sands or any other King Soopers' employee. There is no evidence that Mr. Sands physically came into contact with the Plaintiffs that caused harm, let alone that he acted unreasonably in carrying out Officer Deshazer's command to assist with the arrests. Furthermore, there is no objective evidence of a malicious intent by Mr. Sands to cause the Plaintiffs harm. The only evidence the Plaintiffs can offer is that Ms. Rice saw someone in a light blue pants move their foot approximately eight inches and come into contact with her side. Ms. Rice cannot affirmatively identify Mr. Sands as the person who kicked her. *Depo. Cassidy Rice*, p. 188-189, starting at l. 16, **EXHIBIT E**. Accordingly, Mr. Sands is entitled to summary judgment for the battery claim based on the civil protections offered by C.R.S. § 16-3-202.

### F. *King Soopers is not vicariously liable, including for the acts of Office Deshazer.*

King Soopers bears no liability as to the battery claim as well. Any claim against King Soopers would once again be based on a theory of *respondeat superior*. Because Mr. Sands did not physically contact the Plaintiffs in a harmful manner, with the requisite willful intent to cause harm and is immune by state statute, King Soopers cannot be held liable. ***Arnold v. Colorado State Hosp.***, 910 P.2d 104 (Colo.App. 1995) (the employer can be held vicariously liable only if damages to the injured party resulted from the wrongful action of the employee).

King Soopers bears no liability for the action of Officer Deshazer. Officer Deshazer was employed by Dunton Realty. Dunton Realty is separate and distinct from King Soopers. King Soopers did not direct the activities of Officer Deshazer at any time or have any role in employing Officer Deshazer. Officer Deshazer is not even the independent contractor of King

18

Soopers. As a matter of law, King Soopers is entitled to summary judgment on the Plaintiffs' Fifth Claim for Relief for common law battery.

## VI. CONCLUSION

Based on the foregoing undisputed material facts, reasons, authority and arguments, Defendants are entitled to summary judgment, as a matter of law, against the Plaintiff on all claims.

WHEREFORE, Defendants respectfully request that this court grant summary judgment in favor of Defendants Ernie Sands and Dillon Companies, Inc. and against Plaintiffs on all claims and for any additional relief the Court deems just and equitable.

Respectfully submitted this 4th day of April, 2008.

s/James M. Meseck
Stephen R. Higgins
James M. Meseck
WHITE AND STEELE, P.C.
950 17th Street, Suite 2100
Denver, Colorado 80202
(303) 296-2828
Fax: (303) 296-3131
jmeseck@wsteele.com
*Attorneys for Defendants*
*Dillon Companies, Inc. and*
*Ernie Sands*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of April 2008, a true and correct copy of the **MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS DILLON COMPANIES, INC. AND ERNIE SANDS' MOTION FOR SUMMARY JUDGMENT** was electronically filed via CM/ECF, sending notification of such filing to the following:

Peter Ruben Morales
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012

David Arthur Lane
Qusair Mohamedbhai
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202

David R. Osborne
Hamilton & Faatz, P.C.
1600 Broadway, Suite 500
Denver, Colorado 80202

By: s/James M. Meseck