## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00355-RPM

LOREE McCORMICK-RICE,
CASSIDY RICE, through her next friend Loree McCormick-Rice,

      Plaintiffs,

    v.

CHARLES DESHAZER, in his official and individual capacity,
DILLON COMPANIES, INC., d/b/a KING SOOPERS, INC.,
a Kansas corporation, and ERNIE SANDS,

      Defendants.

---

### DEFENDANTS DILLON COMPANIES, INC. AND ERNIE SANDS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

---

COMES NOW the Defendants, Dillon Companies, Inc. d/b/a King Soopers, Inc. ("King Soopers") and Ernie Sands ("Mr. Sands"), by and through their attorneys, White and Steele, P.C., by Stephen R. Higgins, Esq., and James M. Meseck, Esq., and respectfully submit Defendants Dillon Companies, Inc. and Ernie Sands' Reply Brief in Support of Their Motion for Summary Judgment per Fed.R.Civ.P. 56. In support thereof, Defendants state as follows:

### I. ARGUMENT

**A. Plaintiffs concede that the Defendants are entitled to summary judgment on the claims of Plaintiff Loree McCormick-Rice.**

Defendants Sands and King Soopers moved for summary judgment on Plaintiffs' 42 U.S.C. § 1983 and common law battery claims. Plaintiff Loree McCormick-Rice ("Ms. McCormick-Rice") concedes that there is no factual or legal basis for her statutory and common

law claims against Mr. Sands and King Soopers.  Ms. McCormick-Rice moves to dismiss her claims against these Defendants.  *Plaintiffs' Response*, p. 27 § ix.  King Soopers and Mr. Sands are, therefore, entitled to summary judgment on all of the claims of Ms. McCormick-Rice.

**B.      Plaintiffs concede that King Soopers is not vicariously liable for the claims against Defendant Charles Deshazer.**

Both Ms. McCormick-Rice and her daughter, Plaintiff Cassidy Rice ("Ms. Rice"), concede that King Soopers is **not** vicariously liable for the actions of Defendant Charles Deshazer ("Officer Deshazer").  *Plaintiffs' Response*, p. 25 § vii.  King Soopers is further entitled to summary judgment on the claims where Plaintiffs seek to hold King Soopers liable for the acts of Officer Deshazer.

**C.      Plaintiffs misconstrue, misstate and misrepresent the facts of the case.**

Plaintiffs make several representations and put a spin on the facts of the case as they appear in the record.  Defendants take exception to these misrepresentations of the record and offer the following to clarify the pertinent facts for the Court.

The Defendants were not provided a copy of the video, Plaintiffs' Exhibit 5, although the video was provided to the Court.  The Defendants should be allowed to obtain a copy of Exhibit 5 in order to determine what exactly the Court has before it.

On page 2 of the *Response*, Plaintiffs contend that Mr. Sands approached the scene in the parking lot "[b]ased on his previous law enforcement training".  There is nothing in the record that supports this representation of why Mr. Sands approached the scene.  Mr. Sands approached the scene because customers told him that an officer may need assistance.

In the *Response*, Plaintiffs attempt to portray Mr. Sands as offering his help to Officer Deshazer on two different and separate occasions. The record shows that Mr. Sands alerted Officer Deshazer to his presence by mentioning to Officer Deshazer that he was there if the officer needed help. There is absolutely no evidence that Mr. Sands instructed or directed Officer Deshazer on how to effectuate the arrest of either of the Plaintiffs.

In the last paragraph on page 3 of the *Response*, Plaintiffs suggest, without any supporting basis, that King Soopers has a policy that if a police officer requests the assistance of a security guard during an arrest, the security guard would assist. Officer Deshazer has this authority per state statute, C.R.S. § 16-3-202. Officer Deshazer's personal belief as to the King Soopers' security guard policies are not objective or even circumstantial evidence of an actual policy of King Soopers. Plaintiffs offer no verification that King Soopers has this policy.

Plaintiffs offer nothing concrete in the way of policy manuals or the deposition testimony of a King Soopers' Rule 30(b)(6) witness that would conclusively establish King Soopers' policies and procedures. Instead, Plaintiffs randomly select testimony that is contradictory in nature. On page 4 of the *Response*, Plaintiffs allege that King Soopers' policy was for its security guards to have no responsibility in a situation once law enforcement arrives on the scene. Later, Plaintiffs contend that King Soopers' policy was for its security guards to protect the peace. Again, there is nothing from the designated representative or an official King Soopers' policy statement to confirm this assertion.

Plaintiffs misconstrue and misstate their own Exhibit 6. Plaintiffs' Exhibit 6 is the written statement of Ms. Sands. Plaintiffs' Exhibit 6 speaks for itself. However, it should be

noted that Mr. Sands makes no mention of his law enforcement experience in Exhibit 6 as represented by the Plaintiffs. Furthermore, Mr. Sands does not praise Officer Deshazer or state that Officer Deshazer did not use excessive force as represented by the Plaintiffs. Exhibit 6 makes no mention concerning the level of force employed by Officer Deshazer.

Plaintiffs misconstrue the record on page 8, paragraph 18 of the *Response* by speculating and implying, without any basis, that Officer Deshazer told Mr. Sands or that Mr. Sands overheard Officer Deshazer telling others that they needed to get their stories straight. There is no suggestion or offer of evidence that Mr. Sands overhead this alleged statement or that he was in the vicinity of where the statement was allegedly made. It is pure speculation on the Plaintiffs' part to suggest that Mr. Sands may have known of the alleged statement.

Also in paragraph 18 on page 8 of the *Response* in relation to Plaintiffs' Exhibit 6, Plaintiffs once again misrepresent Mr. Sands' statement by claiming that Mr. Sands reported that Officer Deshazer did not call the Plaintiffs a racial slur. Plaintiffs' Exhibit 6 speaks for itself. Exhibit 6 says that Ms. Sands "never heard" the officer use the racial slur. This is consistent with Mr. Sands' deposition testimony. Because Mr. Sands never heard the verbal exchange between the Plaintiffs and Officer Deshazer in the parking lot, he would have no clue what was said.

Plaintiffs also accuse Mr. Sands of kicking Ms. Rice two times on page 10, in paragraph 7 of the *Response*. However, Ms. Rice testified that she was only kicked once by an individual wearing light blue pants. *Depo. Cassidy Rice*, p. 188-189, starting at l. 22, **EXHIBIT E.**

Counsel for Officer Deshazer raised the "race card" issue during the deposition of Ms. McCormick-Rice, not counsel for King Soopers and Mr. Sands. This is a blatant example of Plaintiffs' attempt to blur the lines between Officer Deshazer and Mr. Sands. Plaintiffs resort to this tactic to create confusion about the factual record in order to manufacture an issue of fact.

**D.    Plaintiffs fail to establish the existence of any King Soopers policy and, more importantly, an affirmative link between any purported policy and the alleged constitutional deprivation.**

Plaintiffs concede that under the law a private actor cannot be held liable under § 1983 solely because it employs a tortfeasor on a *respondeat superior* theory unless Plaintiffs can show that the employer directly caused the constitutional violation by instituting an official policy that was the direct cause or moving force behind the violation. *Response* p. 24; *see also **Smedley v. Corrections Corporation of America,*** 175 Fed. Appx. 943, 946 (10th Cir. 2005). A policy is a formal statement by the private corporation. ***Gates v. Unified School Dist. No. 449 of Leavenworth County, Kan.***, 996 F.2d 1035, 1041 (10th Cir. 1993).

Plaintiffs never allege in their *Complaint* and have not moved to amend their pleadings to allege that King Soopers had in place a policy that directly caused or was the moving force behind the alleged constitutional violations. There is no allegation in the *Complaint* or argument in the *Response* that King Soopers' policies authorized or approved the misconduct being alleged. Plaintiffs resort to *ad hoc* means to cover up the deficiencies in their pleadings.

Plaintiffs offer that Mr. Sands testified that it was his duty to preserve the peace at the scene and that Officer Deshazer "believed" that King Soopers' policy was that he must ask for assistance from a King Soopers' security guard before the guard could assist him with an arrest.

*Response* at p. 24.  Officer Deshazer's beliefs do not provide evidence of the actual existence of a King Soopers's policy.  Mr. Sands' testimony is not a formal statement of King Soopers. There is no factual support that King Soopers adopted Mr. Sands' testimony as an expression of its security guard policies.

Plaintiffs did nothing to discover King Soopers' formal statements that regulate the conduct of King Soopers security guards.  Plaintiffs never deposed a King Soopers' Rule 30(b)(6) witness to establish what specific policies existed that governed the actions of its security guards.  Plaintiffs never sought the discovery or production of King Soopers' formal statements that governed the conduct of the security guards. Accordingly, Plaintiff cannot offer any formal statement by King Soopers' itself demonstrating a policy that directly caused or was the moving factor in bringing about the alleged constitutional violations.

Even if the Court were to entertain the argument that Mr. Sands' testimony represents a formal statement of King Soopers' policy, there is no evidence that the policy caused Plaintiffs to suffer a constitutional deprivation at the hands of Mr. Sands.  Liability under § 1983 must be predicated upon a "deliberate deprivation of constitutional rights by a defendant." ***Woodward v. City of Worland***, 977 F.2d 1392, 1399 (10th Cir. 1992).  Plaintiffs provide no evidence and makes no argument to establish that King Soopers' alleged policy of having its security guards preserve the peace was so wanting that it constituted deliberate indifference or reckless disregard for the constitutional rights of the Plaintiffs.  There is nothing indifferent or reckless about having a policy where security guards are to preserve order.  Plaintiffs do not contend it was a

policy of order at all costs. There is nothing facially unreasonable about having a policy for security guards to preserve the peace.

In fact, Plaintiffs' argument is contradicted by their assertion that King Soopers also had a policy that King Soopers security guards had no responsibility for a situation once law enforcement arrived on the scene. On page 4 of the *Response*, Plaintiffs argue that, "Per King Soopers' policy and/or actual practice, Defendant Sands had no responsibility in a situation such as this once law enforcement arrives." On page 17 of the *Response*, Plaintiffs affirmatively assert that Ms. Sands violated this policy. This policy would then modify the alleged preservation of the peace policy. Plaintiffs fail to support their § 1983 vicarious liability claim against King Soopers due to a failure to identify a policy that was unreasonable and a direct cause of the alleged violation.

**E.      Plaintiffs' conclusory allegations are, as a matter of law, insufficient to demonstrate any conspiratorial nexus between Officer Deshazer and Mr. Sands.**

"To state a section 1983 conspiracy claim, a plaintiff must demonstrate the alleged conspirators had a meeting of the minds and engaged in concerted action to violate the plaintiff's constitutional rights." *Montoya v. Bd. of County Comm'rs*, 506 F. Supp. 2d 434, 443 (D. Colo. 2007) (*citing Gallegos v. City & County of Denver*, 984 F.2d 358, 364 (10th Cir. 1993)). Plaintiffs must provide sufficient facts to support the inference that some prearranged plan or joint action existed between the conspirators to engage in all of the alleged conspiratorial activities. *Id.* "Mere conclusory allegations with no supporting factual averments are insufficient". *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).

Plaintiffs offer insufficient arguments in the form of speculation, conjecture and unsubstantiated allegations as to a prearranged plan or agreed upon action between Officer Deshazer and Mr. Sands. Plaintiffs point to no specific agreement to violate the rights of Ms. Rice before she was arrested. Officer Deshazer had already made the decision to arrest Ms. Rice by the time Mr. Sands arrived on the scene. Plaintiffs cite no evidence of direct or indirect communication between Officer Deshazer and Mr. Sands before Officer Deshazer attempted to arrest the Plaintiffs. Officer Deshazer made the decision to arrest based on his own judgment, independent of any input from Mr. Sands or King Soopers. It was Officer Deshazer's sole decision and his alone to arrest the Plaintiffs. Officer Deshazer was in the process of arresting Ms. Rice when Mr. Sands got to the scene of the arrest. Mr. Sands did not know why Officer Deshazer was arresting Ms. Rice. There was no prearranged agreement or meeting of the minds between Mr. Sands and Officer Deshazer over the arrest of Ms. Rice, how she was to be arrested or what she was to be arrested for.

The only evidence of an agreement between Officer Deshazer and Mr. Sands was when Officer Deshazer directed Mr. Sands to keep Ms. McCormick-Rice away from him. *Depo. Deshazer*, p. 95, ll. 19-21, **DEFENDANTS' EXHIBIT B**. However, Ms. Rice concedes that this is not sufficient to raise a conspiracy claim under § 1983. Ms. McCormick-Rice admits that her claims, including her conspiracy claims against Mr. Sands and King Soopers, should be dismissed. *Response* at 27. This begs the question as to how there could be no conspiracy between Officer Deshazer and Mr. Sands as to Ms. McCormick-Rice, yet there was some how a conspiracy as to Ms. Rice without any evidence of an actual agreement. There simply was no

prearranged conspiratorial agreement or meeting of the minds between Mr. Sands and Officer Deshazer to violate the constitutional rights of the Plaintiffs or anyone else.

To cover up the inconsistencies in their position, Plaintiffs wildly speculate that Mr. Sands harbors discriminatory animus. *Response* at 17. The basis of this unfounded and despicable assertion is that Mr. Sands took no action to investigate or assist with Plaintiffs' claims of race discrimination. *Id.* The truth of the matter is that Mr. Sands had no obligation or the time to investigate the complaints of racism before the incident in the parking lot. Furthermore, when Mr. Sands did approach Ms. McCormick-Rice in the King Soopers store as she complained to King Soopers' head clerk Russ Reddick, she became all that much more agitated. Mr. Reddick then directed Mr. Sands to let him handle the matter.

Plaintiffs also suggest that Officer Deshazer instructed "other individuals...to get their facts straight" after the arrests as evidence of a conspiracy. *Response* at 19. However, Plaintiffs do not allege and do not argue that Mr. Sands was one of the individuals Officer Deshazer told this too or that Mr. Sands heard the instruction. It is pure speculation by the Plaintiffs to imply that Mr. Sands heard this comment by Officer Deshazer. Furthermore, Plaintiffs' Exhibit 6, Mr. Sands statement, makes no mention of the use of excessive force or the lack thereof. Plaintiff's Exhibit 6 does not even qualify as circumstantial evidence of a cover up. Accordingly, there is no basis to conclude Mr. Sands was part of a cover up.

Plaintiffs' speculations and complaints of racial animus are self-serving and conclusory. The allegation of a conspiracy between Mr. Sands and Officer Deshazer is bound together by the most tenuous of threads held together by innuendo. Plaintiffs have a questionably valuable

ability to perceive a conspiracy by anyone who happens to disagree with their version of the events. Such an ability does not satisfy the legal requirements. The Defendants are, therefore, entitled to summary judgment on the conspiracy claim of Ms. Rice as a matter of law.

**F.    Mr. Sands did not act until directed by Officer Deshazer and is, therefore, entitled to qualified immunity.**

Plaintiffs attempt to portray Mr. Sands as a willful participant in the arrests is without support. Mr. Sands' actions were reasonable, the touchstone of § 1983 claims. Mr. Sands did not act until directed by Officer Deshazer. Plaintiffs lack any supporting evidence that withstands minimal scrutiny.

Mr. Sands approached the scene of the incident because he was told by other customers that a police officer may need assistance. It is completely reasonable for a guard to go to the scene where they are told a police officer is in need of assistance. Not only is this conduct reasonable, but it is a benefit to society by encouraging those in a position to assist to take actual steps to protect officer safety. Ms. Sands is entitled to rely upon the provisions of C.R.S. § 16-3-202.

Even when Mr. Sands approached the scene, he did not act until he was requested to do so by Officer Deshazer. Mr. Sands merely alerted Officer Deshazer to his presence at the scene. He did not instruct Office Deshazer. Mr. Sands took no action until Officer Deshazer gave an authoritative command to stay between Ms. McCormick-Rice and him as he completed the arrest of Cassidy Rice. Mr. Sands was acting at the behest of Officer Deshazer. Again, there is no evidence to support Plaintiffs' contention as to a prearranged plan between Officer Deshazer and

Mr. Sands to violate Ms. Rice's constitutional rights.   Therefore, Mr. Sands is entitled to qualified immunity.

**G.      Mr. Sands could not have committed a battery in the manner described by Ms. Rice.**

Despite Plaintiffs assertions to the contrary, the video that the Defendants have viewed does not show Mr. Sands touching Ms. Rice with his foot or with any other part of his body.  It challenges all credibility to believe that Ms. Rice could recall the precise second when she was kicked and where everyone else was positioned at that exact moment in time.  In fact, it would be physically impossible for Mr. Sands to deliver an unnoticed eight inch kick to Ms. Rice's ribs on her right side based on the configuration of her body, that of Officer Deshazer and Ms. McCormick-Rice.

Ms. Rice alleges she was kicked in her right ribs by Mr. Sands at precisely 21:50:45 on the video, Plaintiffs' Exhibit 5 and Exhibit 4, Rice Depo. 182: 20-25.   However in the video available to the Defendants at this precise moment in time, Ms. Rice is entangled with her mother on her side with Officer Deshazer above her. *Depo. Deshazer* p. 95 – 96, starting at l. 2, **DEFENDANTS EXHIBIT B**.   Even with Ms. McCormick Rice on her back and facing up, Ms. McCormick-Rice never saw Mr. Sands kick Ms. Rice.   Officer Deshazer never saw Mr. Sands kick Ms. Rice.   Officer Deshazer could not have missed seeing such a kick as he is directly bent over Ms. Rice at that exact moment in time per available video.   Moreover, Mr. Sands could not have kicked Ms. Rice in her right ribs if her right side was resting on Ms. McCormick-Rice.   Just as important, Ms. Rice could not have seen the light blue pant leg with her back to Mr. Sands as she lay on her right side.   Even if Ms. Rice's left side was resting on Ms. McCormick-Rice, the

alleged kick by Mr. Sands would have to be more than eight inches.  Mr. Sands would have had to raise his leg high above Ms. Rice as she laid on top of her mother.  Ms. Rice, in that event, would have seen more than just a light blue pant leg from that vantage point.

The only way Mr. Sands could have possibly kicked Ms. Rice in the exact manner and at the precise moment Ms. Rice testified to would be if she were laying in a prone position, on her stomach, with her right side exposed to and her head turned toward the direction of Mr. Sands' approach.  A close review of the video shows that this is not what happened.  Officer Deshazer was unable to get Ms. Rice into a prone position on her belly until after Mr. Sands is no longer near Ms. Rice and is instead over by Ms. McCormick-Rice.  Ms. Rice's side was in Officer Deshazer's direct line of sight at the time of the alleged kick seen in available video.  Ms. McCormick-Rice had her arms around Ms. Rice's side at this time in an alleged hugging embrace.  Neither Officer Deshazer nor Ms. McCormick-Rice observed Mr. Sands touch, let alone maliciously kick, Ms. Rice even though both witnesses were right there in the immediate space.  There is insufficient evidence to support a battery claim.

**H.**    **Even if Ms. Rice may proceed on her common law tort claim for battery, it does not give rise to a § 1983 claim.**

Section 1983 is not an alternate source of tort law.  Section 1983 does not transform every tort committed by an actor into a constitutional violation.  ***Brown v. Commonwealth of Penn., Dept. of Health Emer. Medical Servs. Training Inst.***, 318 F.3d 473, 478-79 (3rd Cir. 2003)(discussing the limitations on § 1983 claims brought pursuant to the Fourteenth Amendment).

Plaintiffs fail to provide supporting facts that the alleged battery of Ms. Rice by Mr. Sands warrants constitutional protection. At the very most, the case against Mr. Sands is a common law tort claim. There is no evidence that Mr. Sands or any other King Soopers' employee used any racial epithets directed at the Plaintiffs. There is no evidence that Officer Deshazer allowed for anyone else to substitute their judgment for his own to make this a joint action. There is no evidence of a prearranged agreement involving Mr. Sands to violate anyone's constitutional rights. The claim against Mr. Sands is not a constitutional issue.

## II. CONCLUSION

Mr. Sands and King Soopers seek summary judgment on Plaintiffs' First, Second, Fourth and Fifth Claims for Relief. Plaintiff Loree McCormick-Rice has moved to withdraw all of her claims against Mr. Sands and King Soopers. Therefore, these Defendants are entitled to summary judgment as to Ms. McCormick-Rice's claims. Both Plaintiffs concede that King Soopers is not vicariously liable for the acts of Officer Deshazer, under the theory of *respondeat superior*, further entitling King Soopers to summary judgment on any such claim.

Plaintiff Cassidy Rice fails to present sufficient evidence of a genuine issue of material fact. Despite attempts to misconstrue the factual record, Plaintiff has not produced any King Soopers' formal statements that would qualify as a policy and allow a jury to hold King Soopers liable under § 1983. Similarly, there is no evidence of a pre-arranged agreement between Mr. Sands and Officer Deshazer that would support a § 1983 conspiracy claim. Mr. Sands himself was entitled to rely upon the decisions and orders of Officer Deshazer and is deserving of qualified immunity, especially in light of Officer Deshazer's authority per C.R.S. § 16-3-202. The allegation of a battery committed by Mr. Sands is not supported by the evidence and is

directly contradicted by the claimant's own testimony, the testimony of the other witnesses and the video the Defendants have been able to view.  Even if there is sufficient evidence to survive summary judgment on the battery claim, it does not rise to the level of a constitutional violation.

WHEREFORE, Defendants respectfully request that this court grant summary judgment in favor of Defendants Ernie Sands and Dillon Companies, Inc. and against Plaintiffs on all claims and for any additional relief the Court deems just and equitable.

Respectfully submitted this 9th day of June, 2008.

s/James M. Meseck
Stephen R. Higgins
James M. Meseck
WHITE AND STEELE, P.C.
950 17th Street, Suite 2100
Denver, Colorado  80202
(303) 296-2828
Fax:  (303) 296-3131
jmeseck@wsteele.com
*Attorneys for Defendants*
*Dillon Companies, Inc. and*
*Ernie Sands*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 9th day of June 2008, a true and correct copy of the **DEFENDANTS DILLON COMPANIES, INC. AND ERNIE SANDS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** was electronically filed via CM/ECF, sending notification of such filing to the following:

Peter Ruben Morales
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012

David Arthur Lane
Qusair Mohamedbhai
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202

David R. Osborne
Hamilton & Faatz, P.C.
1600 Broadway, Suite 500
Denver, Colorado 80202

By:  s/James M. Meseck